Horton v. Pool.

---

HORTON *vs.* POOL.

[MOTION FOR JUDGMENT ON AWARD.]

1. *Incompetency of presiding judge; selection of attorney to preside.*—When the presiding judge is incompetent to sit in a cause, and an attorney of the court is appointed, by consent of parties, to preside in his stead, (Code, § 640,) the record must affirmatively show that the person so appointed is an attorney of the court.

2. *Validity of award as statutory.*—To constitute a valid statutory award, (Code, § 2713,) it must be made by a majority of the arbitrators chosen by the parties: it is not sufficient that it is signed by the arbitrators and the umpire called in by them, when it shows on its face that it is made by the umpire alone, and that both of the arbitrators differed from him.

APPEAL from the Circuit Court of Perry.

THE bill of exceptions in this case, and the judgment-entry, both recite that the presiding judge, Hon. JAMES COBBS, "being disqualified to try the cause, by reason of his having been of counsel for the plaintiff, thereupon, by consent of both parties, WALTER L. BRAGG, esquire, was called to preside on the trial of the cause."

The appellant, William S. Horton, moved the said circuit court, at its November term, 1866, to enter a judgment in his favor, against Anderson J. Pool, *nunc pro tunc* as of the November term, 1865, on an award, which, with the submission on which it was founded, was in the following words:

"The State of Alabama, ⎫ This agreement, made and
      Perry county. ⎬ entered into this the 27th day
of November, A. D. 1865, between A. J. Pool and W. S. Horton, both of the county and State aforesaid, witnesseth, that whereas, W. S. Horton, on the 24th day of February, A. D. 1863, sold nine negroes to said Pool, for the sum of seven thousand dollars, as evidenced by a bill of sale and promissory note executed by the parties; and whereas, a difference of opinion exists between the parties as to the obligation resting upon said Pool to pay for said negroes, and the amount of money that should be paid by him; Now, therefore, the said Horton and the said Pool agree each to select a man for the purpose of arbitrating the matter in dispute between them; and if the men so selected by them cannot agree, they shall select a third man, as umpire in the matter; and they further agree, that the decision of said arbitrators shall be final in the matter. In witness whereof, they have hereto set their hands and seals, this the 27th day of November, A. D. 1865."

                        (Signed by both parties.)

"Whereas, A. J. Pool and W. S. Horton, the parties to the submission to which this award is attached, agreed that the matter in controversy between them, and particularly set forth in said submission, should be decided upon the following evidence, to-wit, the bill of sale executed by

said Horton to said Pool, and a certain promissory note executed by said Pool to said Horton, copies of which are hereto attached, marked exhibits 'A' and 'B'; that neither said Pool nor said Horton should be examined touching the matter, and that no parol testimony should be introduced by either party, for the purpose of explaining said bill of sale and promissory note; and whereas, the said Pool and Horton further agree to waive the three days' notice of the time and place of trial to which they were entitled under the statute: Now, therefore, we, the undersigned, George P. Massey and David Keller, chosen as arbitrators by said Pool and Horton, for the purpose of deciding the matter in controversy between them, (said Massey having been chosen by said Horton, and said Keller by said Pool,) after being first duly sworn impartially to determine the matter to us submitted according to the evidence, and the manifest justice and equity of the case, to the best of our judgments, without favor and affection, carefully considered the evidence submitted to us, but could not agree as to the liability of said Pool to said Horton; (said Massey contending, according to the evidence submitted and unexplained, that said Pool was liable to pay said Horton the amount specified in said note, with interest, in gold or silver, and the said Keller contending, that the evidence showed that the transaction was a Confederate transaction, and that in order to ascertain the liability of said Pool to said Horton, the gold and silver standard should be applied to the same;) therefore, in pursuance of the submission, we selected A. R. Kelly as umpire to decide the matter in dispute. Said Kelly, after being duly sworn as the statute directs, and being fully advised as to the matter in controversy between said Pool and said Horton, as well as to the difference of opinion existing between the arbitrators aforesaid touching said matter of controversy, decided, that said Pool should pay said Horton immediately the sum of six thousand dollars in gold or silver, or its equivalent, and upon the payment of the same that said Horton should deliver up to said Pool his promissory note, a copy of which is hereto attached, marked 'B', as aforesaid. In witness whereof, the undersigned have hereto set their hands and

affixed their seals, this the 28th day of November, A. D. 1865."

(Signed by said Massey, Keller, and Kelly.)

On the evidence adduced, all of which is set out in the bill of exceptions, but which it is unnecessary to notice, the court overruled the plaintiff's motion ; and this ruling, to which an exception was duly reserved by the plaintiff, is now assigned as error.

J. R. John, for appellant.
Moore & Brooks, contra.

BYRD, J.—The record should have shown affirmatively that the person chosen to preside on the trial of the cause in the court below, was "an attorney of the court."—Code, § 640. But, without determining whether the record so shows, we are satisfied that there is no error shown by the bill of exceptions, of which appellant can legally complain.

2. It seems that the umpire, selected as shown by the record, made the award. He did not agree with either of the other arbitrators, though they signed the award with him; and it *may be* difficult to say, whether they did so because they agreed to the award, or as a verification of the facts set out in the award. But we are of opinion, that the latter is the proper construction. The Code requires, (§ 2713,) that a majority of the arbitrators chosen by *the parties* may make an award. The award of an umpire is not a statutory award. This cannot be sustained as a statutory award, and therefore it is unnecessary to notice any other matter assigned as error.—*Tuskaloosa Bridge Company v. Jemison*, 33 Ala. 476. We intimate no opinion upon the other questions argued by counsel, as the one noticed is fatal to the award as a statutory one.

Judgment affirmed.