EVANS *v.* THE STATE.

JURISDICTION.—*Change of Venue.*—*Attorney Appointed Judge.*—*Appointment must be in Writing.*—Where a practising attorney is appointed to act as judge, in the trial of a cause wherein a change of venue has been taken from the judge, if such appointment be not made in writing, any judgment rendered by him therein will be void.

From the Hendricks Circuit Court.

*W. A. McKenzie, C. C. Nave* and *C. A. Nave,* for appellant.

*C. A. Buskirk,* Attorney General, for the State.

PERKINS, C. J.—Indictment against the defendant, for being found in a state of intoxication in a public place.

A change of venue was granted from the circuit judge, on account of prejudice; whereupon John V. Hadley, an attorney of Hendricks county, was appointed to try the cause. The defendant objected to the competency, jurisdiction, and denied the right, of said Hadley to try said cause, as appears by the record.

The record shows, by the formal entry of the clerk, that Hadley was appointed and sworn, but it does not show that the appointment was in writing.

According to the case of *Kennedy* v. *The State,* 53 Ind. 542, which arose under the same statute as the present case, the appointment of Hadley was void, and conferred upon him no authority to act as judge in the trial of the cause, and the judgment rendered by him is void.

Such being the case, we need consider no other question raised by counsel.

The judgment is reversed, and the cause remanded, for a new trial.