White *v.* Fisher.

---

No. 7286.

## WHITE *v.* FISHER.

VENDOR'S LIEN.—*Subsequent Purchaser.*—*Notice.*—W., as a notary public, drafted and took the acknowledgment of a deed on the sale of real estate by F. to S., and wrote two notes, running one and two years, for the unpaid purchase-money; and nearly four years afterward W. became the purchaser of the same real estate. In a suit by F. against S. and W., to collect a balance of said purchase-money, and to enforce a vendor's lien on said real estate,

*Held,* that the foregoing facts alone were not sufficient to charge W., at the time of his purchase of the land, with either actual or constructive notice of the claim of F. against S. for unpaid purchase-money.

*Held,* also, that there is no presumption either of law or fact, that, at the time of his purchase of the land, W. remembered the details of the previous transaction, in which he acted as a notary public.

From the Monroe Circuit Court.

*J. A. McNutt*, for appellant.

*W. M. Franklin*, *B. E. Rhoads* and *C. F. McNutt*, for appellee.

HOWK, J.—In this action the appellee sued the appellant and one George W. Sherrell, in a complaint of two paragraphs, to collect the amount due on a certain promissory note for $1,500.54, executed by the said Sherrell and payable to the appellee, in consideration of the conveyance by the latter to the former of certain real estate in Owen county, Indiana, and to enforce an alleged vendor's lien on said real estate, then owned by the appellant. After the cause had been put at issue, it was tried by the court, and, at the request of the parties, the court made a special finding of the facts and of its conclusions of law thereon, in substance, as follows :

"That the defendant George W. Sherrell is indebted to the plaintiff, Edward Fisher, as is shown by judgment heretofore rendered in this cause, in the Owen Circuit Court, on the 23d day of October, 1874, in the sum of $1,885.86, and that the said judgment was rendered on a promissory note, executed by said Sherrell to said Fisher in 2nd renewal of a certain note executed by him to said Fisher, in consideration of a balance of purchase-money due said Fisher from said Sherrell for the real estate described in plaintiff's complaint, sold and conveyed by said Fisher to said Sherrell.

"The court further finds that said White, at the time of the sale and conveyance of said land by said Fisher to said Sherrell, on the 28th day of January, 1868, was called upon, as a notary public, and drew the notes given for the purchase-money, and also drew the deed for said land and took the acknowledgment of the same ; that he included in the notes a description of the land, then advising the parties that that would make them as good as a mortgage ; and that there were two notes, one payable in one year and the other payable in two years from date.

White *v*. Fisher.

"That said Sherrell paid the cash instalment, and also the first note and part of the second note, and, on the 22d day of February, 1871, took up said last note and executed a new note, omitting in said note the description of the land, with the consent of said Fisher, and inserting at 10 per cent. interest and attorney's fees, and afterward, in February, 1873, took a renewal of said note, still omitting therein a description of said land.

"The court further finds that up to the fall of 1873 said Sherrell was entirely solvent, but then commenced failing, and is now wholly insolvent.

"The court further finds that on the 1st day of April, 1871, said Sherrell sold and conveyed said lands by warranty deed to one William Asher, without notice of said plaintiff's claim or lien for purchase-money; and that, afterward, on the 4th day of December, 1871, said William Asher re-sold and conveyed said lands, by warranty deed, back to said Sherrell.

"That afterwards, on the 27th day of December, 1871, said Sherrell sold and conveyed said premises to said defendant Frank White, for the sum of $7,300, representing that there were no liens upon the land, and took notes therefor secured by mortgage on said premises and another forty acres of land, of which said sum the said White has paid all except the amount hereinafter named as due Margaret H. Wilcox, as administratrix of the estate of John Wilcox, deceased, on the three notes mentioned in her cross complaint filed herein.

"That said Sherrell sold and assigned, by endorsement thereon, to said John Wilcox, on the 20th day of January, 1872, for a valuable consideration and without notice of said plaintiff Fisher's claim or lien for unpaid purchase-money, and upon the representations and assurances of said White, made at and immediately before his purchase, that there was no defence to said notes, that the same were good, and secured by written mortgage properly recorded.

"That said White, at the time he purchased said land from said Sherrell, had no other notice of said plaintiff's claim for purchase-money other than as before set forth, and that he was then chargeable with notice of said plaintiff's claim for unpaid purchase-money.

"The court further finds that, there is due on the notes mentioned in said cross complaint of said administratrix of said Wilcox, deceased, the sum of $2,910.75, without relief from valuation or appraisement laws; that of said amount $644.39 bear ten per cent. interest, and the residue thereof six per cent., and that the same are secured by mortgage, duly acknowledged and recorded, on the lands mentioned in said cross bill, and that the equity of redemption of the said Sherrell, White and Fisher ought to be foreclosed in said premises.

"And the court further finds from the above facts, as a conclusion of law, that said Margaret H. Wilcox, administratrix of the estate of John Wilcox, and against said White, ought to recover said sum of $2,910.75; and that the mortgage filed with her cross bill, securing the same, ought to be foreclosed, and the said mortgage debt ought to be first paid; and that said plaintiff, Fisher, is also entitled to a decree as against said Sherrell and White, for the sale of said lands described in the complaint, upon his vendor's lien, to pay and satisfy said judgment against said Sherrell so rendered as aforesaid, in the Owen Circuit Court."

To these conclusions of law, the appellant at the time excepted, as far as the appellee, Fisher, was concerned, but not as to said Wilcox, which exceptions were not sustained; but the court rendered final judgment upon and in accordance with its conclusions of law.

In this court the appellant has assigned as errors several rulings of the trial court on the pleadings of the parties, but the error on which his counsel seems to rely for the reversal of the judgment is, that the court erred in its con-

clusions of law upon its special finding of facts. In his brief of this cause, the appellant's counsel says:

"We think the court below erred in its conclusions of law upon the special findings:

"1st. Because the facts found by the court do not show that, at the time the appellant, White, purchased and took a conveyance of the land from Sherrell, or before he paid all the purchase-money therefor, he had notice or knowledge of appellee's lien for unpaid purchase-money, if any he had;

"2d. That the special findings clearly show a waiver of any vendor's lien on said land;

"3d. That, upon the special findings, the appellee was not entitled to have a lien declared on said land at the time he sought to have the same done."

The question for decision, as it seems to us, is this: Was the appellant, at the time he purchased the land in controversy from Sherrell, chargeable with notice of the appellee's claim against Sherrell for unpaid purchase-money, by reason of the facts found by the court on that subject? The only facts thus found by the court were, in substance, as follows: At the time of the appellee's sale and conveyance of the land to Sherrell, on the 28th day of January, 1868, the appellant was called upon, as a notary public, and drew the notes given for unpaid purchase-money, and also drew and took the acknowledgment of the deed for the land; and he, the appellant, included in the notes a description of the land, then advising the parties that that would make them as good as a mortgage; and there were two notes, payable respectively in one and two years from date. The court expressly found that the appellant had no other notice of appellee's claim for unpaid purchase-money than the notice, if such it is, set forth and contained in the last recited facts.

It will be observed that the court did not find that the appellant, at the time of his purchase of the land in controversy from Sherrell, had actual notice or knowledge of the

appellee's claim thereon for unpaid purchase-money ; but. the court must have rested its conclusions of law and judgment, as against the appellant, upon the fact found, that the latter, nearly four years before his purchase of the land, as a notary public, had drawn the notes given by Sherrell for unpaid purchase-money of the land to the appellee. We are of the opinion that the facts found by the court, in relation to the transaction between Sherrell and the appellee, and the appellant's connection therewith, were not sufficient to charge him, the appellant, at the time of his purchase of the land, with notice of the appellee's claim against Sherrell for unpaid purchase-money. The appellant's purchase of the land was an entirely different transaction from the one in which he had been called upon, merely as a notary public, to draft the deed and take its acknowledgment, and write the notes: given for unpaid purchase-money. There is no presumption, either of law or fact, that, at the time he purchased the land, the appellant remembered the details of the previous transaction, in which he had acted as a notary, between said Sherrell and the appellee. Still less can it be presumed, from the facts found by the court, that the appellant, at the time of his purchase of the land, had any notice, either actual or constructive, that the two notes so drawn by him in the former transaction, both of which were long past due, as he had drawn them, were then unpaid and outstanding, in whole or in part.

In 2 Sugden on Vendors, 8th Am. ed., bottom p. 755, it is said that the purchaser of land will not be bound by notice in a previous transaction, "which he may have forgotten ;" and again it is said by the same learned author, that "the notice to the purchaser must be in the same transaction." And the same author further says : "To constitute a binding notice, it must be given by a person interested in the property, and in the course of a treaty for the purchase." In the American Note to the leading case of *Le*

*Neve* v. *Le Neve*, in 2 W. & T. Lead. Cas. 144, *et seq.*, the authorities on the subject now under consideration are carefully collated and compared, and an attempt is made to harmonize the various decisions of the courts of last resort, especially in this country, and to deduce therefrom some general rules on the question of notice. It is there said: ''Notice may be either actual or constructive. It is actual when the purchaser is aware of the adverse claim or title, or has such information as would lead to knowledge. * * * * Constructive notice is a legal inference of notice of so high a nature as to be conclusive unless disproved, and is in most cases insusceptible of explanation or rebuttal by evidence that the purchaser had no actual notice and believed the vendor's title to be good.'' These definitions of the two kinds of notice seem to be well sustained by the numerous cases cited by the American annotators.

In the case at bar, our conclusion is that the appellant, at the time of his purchase of the land, was not chargeable with notice, either actual or constructive, of the appellee's claim against Sherrell for unpaid purchase-money, by reason of the facts found by the court on that subject. The court erred, we think, in its conclusions of law, as between the appellant and the appellee.

The judgment against the appellant, and in favor of the appellee, is reversed, at the appellee's costs, and the cause is remanded with instructions to modify its special finding of facts and conclusions of law in accordance with this opinion, and render judgment accordingly in the appellant's favor, and against the appellee.