No. 10,001.

HERBSTER v. THE STATE.

JURISDICTION.—*Judge.—Attorney Orally Appointed.— Waiver.—Judgment.—*A judgment rendered by an attorney orally appointed judge and acting by consent of parties, without having taking the required oath, is void for want of jurisdiction.

From the Hendricks Circuit Court.

*T. S. Adams*, for appellant.

*D. P. Baldwin*, Attorney General, *N. M. Taylor*, Prosecuting Attorney, and *W. W. Thornton*, for the State.

NIBLACK, J.—Maxy Herbster was indicted at the October term, 1881, of the court below, for selling intoxicating liquor in a less quantity than a quart, and without a license, to one Alpheus Bramwell.

On the 6th day of January, 1882, which was the fifth judicial day of the January term of that court, for the year 1882, Hon. Joshua G. Adams, the judge of said court, announced from the bench that he would be unable to attend the session of such court on the day then next ensuing, and that he had appointed Charles Foley, Esq., a practicing attorney of Hendricks county, to preside as judge, and to try all causes which might stand for trial, in that court, on that day. On the morning of the day following, that is to say, the 7th day of January, 1882, the said Charles Foley, and the proper prosecuting attorney, clerk and sheriff, and the defendant, with his attorney, met at the court-room of the Hendricks Circuit Court, at the usual hour of opening court, when the said Foley made known to all present that the clerk had informed him, on inquiry, that Hon. Joshua G. Adams had left no written appointment of him as judge of said court, for the time being, or otherwise; that the said Adams had informed the clerk that an oral appointment was sufficient; that the said Foley proceeded to say that, under the circumstances, he had no authority to preside as judge, or to try any cause then pending in said court, except by the agreement of the parties thereto; that, thereupon, the prosecuting attorney and the defendant, acting through his attorney, agreed orally to try this cause before him, the said Foley, as the presiding judge of such court, expressly waiving a written appointment on his part, as such judge; that the said Foley then offered and was about to take an oath to discharge his duties as such judge for the time being, according to law, when the defendant suggested that he need not be sworn, and agreed, with the prosecuting attorney, that he, the said Foley, might be considered as acting under oath in the trial of this cause; that the said Foley thereupon caused court to be opened, and

proceeded with the trial, without a jury and without any written appointment as special judge, or having taken the oath required by law to be taken by the judges of the several circuit courts of this state, the Hon. Joshua G. Adams, the regular judge, not being present in court on that day.

After hearing the evidence, Foley took the cause under advisement until the 30th judicial day of the term, when he announced a finding to the effect that the defendant was guilty as charged, and that he should pay a fine in the sum of fifty dollars.

The defendant then moved to set aside the submission of the cause, upon the ground that the said Foley had no jurisdiction to try such cause, or to make any finding therein; but his motion was overruled.

After this the defendant moved for a new trial, assigning as one of the causes therefor, that the said Foley had no authority to act as judge at the trial of the cause. This motion was also overruled, and judgment was rendered by Foley on his finding against the defendant.

The only question presented upon this appeal is : Did Foley, upon the facts stated as above, have authority to act as judge upon the trial of the cause?

All the acts authorizing the appointment of special judges, in certain contingencies, have been framed upon the theory that an appointment in writing, and the taking of the oath of office, are necessary to clothe the appointee with judicial power, and to give him even the semblance of judicial authority. 2 R. S. 1876, p. 10; Acts of 1875, Regular Session, 116; Acts of 1881, p. 151, section 195, p. 287, section 261; *Kennedy* v. *The State*, 53 Ind. 542.

The parties litigant can not appoint a special judge; nor can they, by agreement, confer judicial authority upon a person not otherwise entitled to exercise it.

The consent of the appellant did not, therefore, confer upon Foley any authority to try this cause, and did not estop him from denying Foley's jurisdiction to try it. *McClure* v. *The*

*State*, 77 Ind. 287. All the proceedings had in this cause before Foley were, consequently, without the sanction of judicial authority, and can not be sustained.

Whether, under some circumstances, and if so, under what circumstances, the proper appointment and qualification of a special judge ought to be presumed, is a question we have not considered, as it is affirmatively shown in this case that Foley was neither lawfully appointed nor duly sworn as a special judge. *Evans* v. *The State*, 56 Ind. 459; *Fawcett* v. *The State*, 71 Ind. 590; *Case* v. *The State*, 5 Ind. 1.

The judgment is reversed, and the cause remanded for further proceedings.

Petition for a rehearing overruled.