Greenwood v. The State.

No. 14,666.

GREENWOOD v. THE STATE.

SPECIAL JUDGE.—*Oral Appointment.*—Where the appointment of an attorney as special judge is not in writing, an objection to his competency to act must be sustained if promptly made; if objection be not seasonably made, it will be deemed waived, and the acts of the *de facto* judge upheld.

From the Elkhart Circuit Court.

*L. J. Blair, H. D. Wilson* and *W. J. Davis,* for appellant.

*L. T. Michener,* Attorney General, and *L. W. Vail,* for the State.

ELLIOTT, C. J.—This judgment must be reversed. Objection was duly made to the judge of the court, and he called a member of the bar to preside as judge, but made no written appointment, as the law requires. The appellant at once objected to the competency of the attorney called by the judge, and thus presented the question at the earliest opportunity. As there was no written appointment, and as the objection was promptly interposed, the appeal must be sustained. *Schlungger* v. *State,* 113 Ind. 295; *Herbster* v. *State,* 80 Ind. 484; *Evans* v. *State,* 56 Ind. 459; *Kennedy* v. *State,* 53 Ind. 542.

In sustaining this appeal we do not mean to hold that an oral appointment is absolutely void; on the contrary, we do hold, as we did in *Schlungger* v. *State, supra,* that it is not absolutely void, and that an objection to the method of appointment may be waived, and will be deemed waived unless seasonably made.

The person appointed is at least judge *de facto,* and in order to make availing an objection to the competency of a judge *de facto,* it must be promptly interposed, for the acts of such a judge may be valid, and so they will be regarded where

there has been a waiver of objections.  *Smurr·* v. *State,* 105 Ind. 125, and authorities cited.

The term "void" is improperly used in some of the cases, for the acts of a *de facto* judge are at most only voidable. We can not approve of some of the expressions found in the cases upon this question, for we are convinced that, upon principle and authority, the acts of a *de facto* judge will stand unless promptly and properly assailed.

Judgment reversed.

Filed Jan. 8, 1889.