BRADLEY *et al.* v. CHESTNUTT-GIBBONS GROCER CO.

No. 3414.    Opinion Filed December 3, 1912.

(128 Pac. 498.)

APPEAL AND ERROR—Review—Objections Not Raised Below. Where an action is tried in the trial court before a judge pro tem., elected by the members of the bar under the provisions of the statute for the election of judges pro tem., and no question is there raised as to the power or authority of such judge pro tem. to hear and determine the case, or as to the regularity of his election, and all the parties proceed to trial without objection or exception thereto, the regularity of his election and his. authority to hear and determine the case cannot be questioned for the first time in this court on appeal.

(Syllabus by the Court.)

*Error from Superior Court, Muskogee County;*
*L. J. Roach, Special Judge.*

Action by the Chestnutt-Gibbons Grocer Company against Cass M. Bradley and O. Durant. Judgment for plaintiff, and defendants bring error. Affirmed.

*Gibson & Thurman,* for plaintiffs in error.

*Irwin Donovan,* for defendant in error.

HAYES, J. Defendant in error brought this action in the court below against plaintiffs in error to recover on a promissory note the sum of $2,000 and interest at eight per cent. per annum. The regular elected judge of said court announced his disqualification to sit in said cause, and a special judge, after due notice was given to all concerned, was duly elected by the members of the bar, as provided by law, to try said cause. The cause was tried to the court without a jury, who found the issues in favor of defendant in error and rendered judgment accordingly. Plaintiffs in error filed a motion for a new trial, which was overruled by the court, and the case is now before us on petition in error and case-made.

Plaintiffs in error, in their brief, urge but one ground for reversal of the judgment, and that is: "Irregularity in the proceed-

ings for the election of the special judge." The record before us does not disclose that any objections or exceptions to the election of the special judge were made in the court below. Defendant in error has asked that the judgment of the court below be affirmed, for the reason that plaintiffs in error have raised, for the first time on appeal, the question of irregularity in the election of the special judge; and the record therefore presents nothing to review. The motion to affirm should be sustained. It is a well-settled rule of law that where parties try their case before a special judge, or a judge *pro tem.*, and no objection is made or exceptions saved in the court below as to the authority of the judge to try the case, all objections to the authority of the special judge will be assumed by the appellate court to have been waived; and said objection cannot be heard for the first time on appeal. *Higby v. Ayres*, 14 Kan. 332; *Vandever et al. v. Vandever et al.*, 3 Metc. (60 Ky.) 137; *Feaster v. Woodfill*, 23 Ind. 493; *Greenwood v. State*, 116 Ind. 485, 19 N. E. 333. See, also, 11 Encyc. of Plead. & Prac. p. 793, and authorities there cited.

The judgment of the trial court is affirmed.

All the Justices concur.