## APPLE *et al.* v. ELLIS.

No. 4494.    Opinion Filed July 20, 1915.

(150 Pac. 1057.)

1. **EVIDENCE—Judicial Notice—Judges of Courts.**  The Supreme Court will take judicial knowledge of who are the judges of courts of record of this state, but will not take judicial knowledge of a special or a judge **pro tempore,** agreed upon or elected to preside in a specific case.

2. **JUDGES—Record—Special Judge—Evidence of Qualification.** Where a special or judge **pro tempore** is agreed upon, or elected to try a specific case, as provided by sections 5813 and 5814, Rev. Laws 1910, it must affirmatively appear from the record in the case in which he acts that the judge of the trial court was incompetent or disqualified to try the case; that such special or judge **pro tempore** was an attorney of the court; that ne was agreed upon as provided by said section 5813, **supra,** or elected as provided by section 5814, **supra;** and that he took the oath of office as such special or judge **pro tempore,** required by the Constitution of this state.

3. **APPEAL AND ERROR—Record—Special Judge—Jurisdiction.** Where the record of a case appealed to this court from a trial of a cause by a special or judge **pro tempore** fails to show that the judge of the trial court was disqualified, or incompetent to try the case; that such special or judge **pro tempore** was agreed upon as provided by section 5813, Rev. Laws 1910, or elected as provided by section 5814; that said special or judge **pro tempore** so agreed upon is an attorney of the county, if the case is in the county court, or an attorney of the district, if in the district court; and that he has qualified according to law—such judgment will be treated as **coram non judice,** and the cause reversed and remanded, with instructions to set aside the judgment rendered and grant a new trial.

(Syllabus by Collier, C.)

*Error from County Court, Carter County;*
*H. C. Potterf, Special Judge.*

Action by A. G. Ellis against S. A. Apple and James A. Cother. Judgment for plaintiff, and defendants bring error.    Reversed and remanded.

This action was commenced in the county court of Carter county on the 13th day of December, 1909, by the defendant in error against plaintiffs in error, to recover upon a promissory note in the sum of $435, interest, and attorney's fees. For convenience, the parties will be designated as they were in the trial court. There is nothing in the record as to what was done in the case from its commencement in 1909 to Arpil 20, 1912, at which time the defendant moved for a continuance, which was overruled; and on the 27th day of April, 1912, said cause was tried before H. C. Potterf, who styles himself "special judge," and resulted in a judgment for plaintiff for $578. There is nothing in the record showing that the county judge of Carter county was disqualified to try this case, that said Potterf was an attorney of said court, and when and how the said Potterf became such special judge, and that he qualified as such special judge. On the 27th day of April, 1912, defendant filed a motion for new trial, which was heard and overruled May 6, 1912, by said Potterf, as a special judge, to which the defendant duly excepted. Thereupon said so-called special judge granted to defendant 90 days from May 6, 1912, within which to prepare and serve case-made; ten days in which to suggest amendment, and five days in which to settle and sign same. On August 14, 1912, said so-called special judge signed and settled the purported case-made, but same was not attested by the clerk of the county court, with the seal of said court attached. From the judgment rendered, this appeal is prosecuted, and numerous errors are assigned.

J. B. Moore, for plaintiffs in error.

Thos. Norman and S. T. Bledsoe, for defendant in error.

50—4

Opinion by COLLIER, C. (after stating the facts as above). Section 5813, Rev. Laws 1910, provides that in any civil case in any court of record of this state, if the presiding judge for any legal cause shall be incompetent or disqualified to try, hear, or render judgment in such cause, the parties or their atorneys of record may agree upon some member of the bar of the county, if it be in the county or superior court, to act as special judge to hear and decide, and render judgment in the case in the same manner and to the same effect as such disqualified judge could have rendered, but for his disqualification. Section 5814, Rev. Laws 1910, provides, if the parties cannot agree upon a special judge, where the presiding judge for any legal cause shall be disqualified, for an election by members of the bar for a special judge or a judge *pro tempore.* Before the parties to a civil action can agree upon one to act as special judge, as provided by section 5813, *supra,* or elect a special judge, or judge *pro tempore,* as provided by section 5814, *supra,* it must appear from the record that the presiding judge, for some legal cause, is incompetent or disqualified from presiding in the given case, and that the person assuming to act as such special judge was agreed upon by the parties, or was elected as provided by said section 5813, *supra.*

This court takes judicial knowledge of who are the judges of the several courts of record of this state and their signatures (*In re Patswald,* 5 Okla. 789, 50 Pac. 139; *Shawnee v. Farrel,* 22 Okla. 652, 98 Pac. 942; 16 Cyc. 913), but does not take judicial knowledge of a special judge or a judge *pro tempore* and his signature.

"Generally speaking, the authority of a special or substitute judge must appear from the record of the case

in which he acts, although the decisions are not entirely harmonious on this question. Thus the record should, as a rule, show his selection by agreement, appointment, or election; and it should show the grounds thereof, and, in addition thereto, in some states, his eligibility and qualification. The transcript on appeal from the decision of a special judge should contain all facts required to be entered on the record in the court below." (23 Cyc. 608),

In *Negley v. Wilson,* 14 Ind. 215, it is held that where an attorney other than a regular judge signs a bill of exceptions, the record should show his appointment as special judge. In *Low v. State,* 111 Tenn. 81, 78 S. W. 110, it is held that record of the action and qualification of a special judge should be verified by the official signature of the clerk, and will constitute part of the record in the case. The record should show that the person chosen to act as a special judge is an attorney of the court. *Perry v. State,* 14 Tex. App. 166. Where, because of disqualification of the presiding judge, an attorney of the court is appointed by consent of the parties to preside in his stead, the record must affirmatively show that the person so appointed is an attorney of the court. *Horton v. Pool,* 40 Ala. 629. Where an action is tried by a judge *pro tempore,* and not by the legal and judicially recognized judge, the record must show the right of such judge to so act. *Cooper v. Lingo,* 77 Ind. 67. Where a cause is tried by a special judge, the record should show how he became special judge. *Brinkley v. Harkins,* 48 Tex. 225. Where there is no legal authority to select a member of the bar to act as a special judge, a lawyer so attempting to act is without power, right, or title, and is not a judge *de facto. State v. Fritz,* 27 La. Ann. 689.

In *Dodd v. State,* 5 Okla. Cr. 513, 115 Pac. 632, Judge Armstrong cites with approval the case of *Fordyce v.*

*State,* 115 Wis. 608, 92 N. W. 430, in discussing the ques-
tion as to when the authority of a judge *pro tempore*
ceases, and holds that the authority of a special judge
ceases with the elapsing of the term of the court at which
he was called to preside over the trial of a certain cause

Presiding Judge Furman, in *Patterson v. United
States,* 7 Okla. Cr. 272, 118 Pac. 150, approves the doc-
trine of the Wisconsin case, *supra,* and also the case of
*Dodd v. State, supra,* saying:

"Where the regularly elected judge is disqualified and
a special judge is selected by the parties to preside at the
trial of a cause, the authority of such special judge ceases
at the end of the term of court at which he was selected;
and if the case is continued to another term of the court,
the special judge has no right or authority to preside at
the trial of the case at the second term of the court,
unless he is again lawfully selected so to do."

It is thus shown that where a judgment of a special
judge is brought to this court for review, the disqualifi-
cation of the regular judge of the court in which such
special judge is to act must be shown by the record; that
the special judge is an attorney of the court in which he
is to act; that the special judge has been agreed upon or
elected, as provided by sections 5813 and 5814, Rev. Laws
1910; that he has taken the oath of office as required by
the Constitution of this state. Upon failure of the record,
as in this case, to disclose such facts as to the disqualifi-
cation of the regular judge, the selection or election of a
special judge or judge *pro tempore,* that the person so
elected is a member of the bar of the county, and has
qualified as required by law, no presumption of their ex-
istence can be indulged; and all the acts of such person
assuming to act as special judge will be treated here as

*coram non judice* and void; and the judgment rendered by such special judge will be treated as a nullity.

It follows that this cause should be reversed and remanded, with instructions to vacate and set aside the judgment rendered and to retry the case.

By the Court: It is so ordered.