## McBRIDE v. FOOTE.

No. 6757—Opinion Filed May 8, 1917.

(165 Pac. 160.)

(Syllabus by the Court.)

**Appeal and Error—Authority of Trial Court—Objection First Raised on Appeal.**

Where an action is tried before a special judge, both parties announcing ready for trial, and no question is raised in the trial court as to his authority to hear and determine the case, or as to the regularity of his selection, such questions cannot be raised for the first time in this court on appeal.

Appeal from County Court, Harper County; R. H. Nichols, Special Judge.

Action by A. S. McBride against A. E. Foote. Judgment for defendant, and plaintiff appeals. Affirmed.

Dickson & Dickson and Gray & McVay, for plaintiff in error.

Dick & McKenzie, for defendant in error.

OWEN, J. This was an action by plaintiff in error against defendant in error. Verdict for defendant, and plaintiff appeals. The cause appears to have been tried before R. H. Nichols, special judge. The petition in error contains 19 assignments. In the brief filed by counsel for plaintiff in error only one question is presented for the consideration of this court. Following an abstract of the record counsel say:

"From the foregoing abstract it would appear that but one question is here presented for consideration, and that is for this court to take judicial notice of who was the law-

ful county judge of Harper county at the time this cause was tried, and, it not appearing that Hon. R. H. Nichols, before whom same purports to have been tried, was other than a private person, or that he was selected to act as judge, or that he possessed any of the qualifications to act as such prescribed by law, the judgment should be reversed, and the cause remanded for new trial."

This objection is made for the first time in this court. No such objection was made in the lower court. On the contrary, the record (C. M. p. 22) recites:

"The plaintiff appeared in person and by attorneys, and the defendant appeared in person and by attorneys; both parties announced ready for trial, and the jury is drawn and impaneled," etc.

Objection to the authority of a special or substituted judge may be waived by the act or omission of a party. The objection should be made at or before the trial, and cannot be made for the first time in this court. Such objections, not having been made at the trial, are deemed to have been waived. The Constitution of this state (article 7, secs. 12, 197, Williams' Ann.) provides for a special judge. The statute (section 5813, Rev. Laws 1910) provides the parties to an action may agree on a special judge to try the case. In the 19 assignments of error no mention is made of any lack of qualification of the special judge or irregularity in his selection. Under the great weight of authority, when Constitution and laws recognize a judge pro tempore, and no objections are made at the time of the trial to the authority of such special judge, the objections cannot be made for the first time upon appeal. Kelly v. Roetzel, 64 Oklahoma, 165 Pac. 1150; 23 Cyc. 616; 15 R. C. L. 516, sec. 6; Tillman v. State, 58 Fla. 113, 50 South. 675, 138 Am. St. Rep. 100, 19 Ann. Cas. 91, Higby v. Ayres, 14 Kan. 331; Mo. Pac. R. Co. v. Preston, 63 Kan. 819, 66 Pac. 1050; 11 Ency. Pl. & Pr. 793.

In the case of Kelly v. Roetzel, 64 Oklahoma, 165 Pac. 1150, this court, in an opinion of Mr. Justice Hardy, passed on a similar question, expressly overruling the case of Apple v. Ellis, 50 Okla. 80, 150 Pac. 1057, and later decisions following that case, relied upon by plaintiff in error. In that case, Justice Hardy said:

"Litigants should not be permitted to try a case without objection before a special judge, taking chances upon the outcome of the trial with the intention of availing themselves of the benefits incident to a favorable result and at the same time be accorded the right to question the validity of such pro-

ceedings should an adverse verdict be rendered."

Adhering to the rule as announced in Kelly v. Roetzel, the judgment of the trial court is affirmed.

All the Justices concur.