## OKLAHOMA TRANSPORTATION CO. v. LEWIS.

No. 24956.    May 19, 1936.

George F. Short and Welcome D. Pierson, for plaintiff in error.

O. A. Cargill and W. R. Graalman, for defendant in error.

WELCH, J. This is an appeal from an order vacating a judgment, and the ultimate question presented is whether the former judgment is void. It is urged to be void because a nonresident district judge presided over the trial after his assignment to hold court in Oklahoma county had expired.

The facts are that Judge John L. Norman, regularly elected judge of the Twenty-Seventh judicial district, held court in Oklahoma county during two weeks in December, 1931, but his assignment by the Chief Justice of this court only covered one week. After the expiration of the assignment on Saturday, Judge Norman continued to hold court during the following week and presided in the trial of this action. The plaintiff here sued for damages for personal injuries. When the case was called for trial and the parties and their attorneys reported to the courtroom where they were directed. Judge Norman occupied the bench and inquired if the parties were ready, to which the parties or their attorneys replied in the affirmative. It seems that all of the attorneys, knowing that Judge Norman was a district judge, and that he had theretofore been assigned, assumed, as did the judge himself, that he was then regularly assigned to hold court in Oklahoma City. There was no objection to his presiding as judge. He directed that a jury be drawn, and the trial proceeded and was concluded on the following day by verdict for the defendant, followed by judgment accordingly. Plaintiff in three days filed a motion for new trial, and a few weeks later filed motion to vacate the judgment, alleging it to be void. That motion was heard and considered by Judge Hill. who held that the judgment rendered by Judge Norman was void because he was not regularly and properly assigned, and because he was not affirmatively agreed upon by the parties as a special judge.

On appeal the defendant contends that Judge Norman was accepted and permitted by the parties to try the case without objection, and became and was a de facto judge of the court, or special judge, fully pretending to act as such, and did so act, and that the judgment rendered by him on the jury verdict is not void.

During the past several years the congested docket of the district court of Oklahoma county has made it necessary to resort frequently to the assigning of other district judges of the state to hold court there. Prior to the trial of this cause the Chief Justice had assigned many judges to render such services, and Judge Norman himself had been repeatedly so called to hold court in Oklahoma county; all this was well known to plaintiff's counsel, if not to plaintiff himself, and we are impressed with the argument that when Judge Norman proceeded to hold court the second week, believing and assuming that his assignment still operated, and when the parties and their attorneys appeared in court believing and assuming Judge Norman to be regularly assigned to hold court on those precise days, and when the plaintiff presented his cause of action and sought judgment before Judge Norman as the presiding district judge, that Judge Norman was then the de facto judge or special judge of the court, and the judgment was not void. All knew him as a district judge, subject to assignment to Oklahoma county, where he was then in complete good faith acting as an assigned judge, the only defect in his full authority being that the term stated in his assignment did not fully cover the term of his holding court and his presiding in the trial of this cause.

The exact situation has not heretofore been presented to this court, but a kindred question was passed upon by the Criminal Court of Appeals of this state in Layne v. State, 23 Okla. Cr. 36, 212 P. 328. There the term for which the nonresident judge was assigned expired at the end of the day on Saturday. On that day he was engaged in the trial of a criminal case and a new assignment was issued by the Chief Justice beginning on the following Monday. The defendant was charged with a capital offense, and on the intervening Sunday the jury was in custody of the court officers, and on Monday the trial was resumed, and upon conclusion some days later resulted in a conviction. The Criminal Court of Appeals held that on the intervening Sunday the nonresident judge "was probably a de jure judge during the intervening Sunday" or "at least a de facto judge during this Sunday, with power to supervise and control the jury and other court officers," and it was held in the third paragraph of the syllabus as follows:

"A judge de facto is one acting with color of right and who is regarded and has the

reputation of exercising the judicial functions he assumes."

In the body of the opinion it was there said:

"For the reasons stated we think the special assigned judge was a judge de jure on the Sunday in question; but, if that conclusion is incorrect, he was at least a judge de facto on that day, and until the trial was concluded. A judge de facto is one acting with color of right, and who is regarded and has the reputation of exercising the judicial functions he assumed. The acts of a de facto judge are valid so far as they affect the rights of litigants who acquiesce in judicial proceedings under the supervision of such judge. Plaintiff in error here made no objections touching the authority of the special judge either at the trial below or in his motion for a new trial; the question is urged here for the first time.

"An objection to the jurisdiction of a special or substitute judge should be made in the court in which he assumes to have jurisdiction. An objection made after the trial comes too late, and will be deemed, on appeal, to have been waived. This rule is based upon principles of right and fair dealing. It would be manifestly unfair to permit the accused to submit to the jurisdiction of a substitute judge, in anticipation that he might in the course of the trial be acquitted, and then, if he should be disappointed in that regard, and the trial should result in a conviction, allow him to claim the right to have his conviction set aside on the ground that the appointment of the substitute judge was void or irregular. State v. Holmes, 12 Wash. 169, 40 P. 735, 41 P. 887."

In Turner v. State, 43 Okla. Cr. 380, 279 P. 525, the assignment expired with Saturday, when the nonresident judge was engaged in the trial of a criminal case. On that day a second assignment was issued by the Chief Justice to begin on the following Monday. On the intervening Sunday the nonresident judge held court to the extent of receiving a verdict of guilty. The Criminal Court of Appeals followed Layne v. State, supra, and held the action of the judge on Sunday was valid.

In Kelly v. Roetzel, 64 Okla. 36, 165 P. 1150, this court held that where an action is tried before a special judge by agreement of the parties, and no question is raised in the trial court as to his power or authority or as to the regularity of his selection, any such objection is waived, following Bradley v. Chestnutt-Gibbons Grocer Co., 35 Okla. 165, 128 P. 498. In the Kelly Case it was said:

"It is a general rule that objections to the authority of a special or substitute judge may be waived by the act or omission of a party, and ordinarily such objections are waived when they are not promptly made. The objection should be made at or before the trial, and cannot be made for the first time upon appeal; and, if not made in the trial court, are deemed to have been waived. 23 Cyc. 616; 15 R. C. L. 516, sec. 6; Tillman v. State, 58 Fla. 113, 50 South. 675, 138 Am. St. Rep. 100, 19 Ann. Cas. 91; Higby v. Ayres, 14 Kan. 331; Mo. Pac. Ry. Co. v. Preston, 63 Kan. 819, 66 P. 1050; 11 Enc. Pl. & Pr. 793. Many decisions are cited in support of the text in 23 Cyc. 616, and an extensive note is found appended to the case of Tillman v. State, 19 Ann. Cas. 91, from which it is clearly made to appear that the great weight of authority is in favor of the rule above stated."

And later in the opinion:

"Litigants should not be permitted to try a case without objection before a special judge, taking chances upon the outcome of the trial, with the intention of availing themselves of the benefits incident to a favorable result, and at the same time be accorded the right to question the validity of such proceedings should an adverse verdict be rendered."

In the early case of State of North Carolina v. Lewis, 11 L. R. A. 105, the Supreme Court of North Carolina considered a similar question. One commissioned and directed by the Governor to hold a certain term of superior court proceeded to do so and tried a criminal case which resulted in conviction. He was without any authority or power to act as such judge by reason of the complete invalidity of the appointment or commission. Nevertheless it was held that he was a de facto judge, and the trial having been had and concluded without question or objection, it was held that the judgment was valid. The judgment had been vacated in the trial court upon the theory that the judgment was void, but the Supreme Court held that the judgment was not void and reversed the order.

In Chicago, R. I. & P. Ry. Co. v. Carroll, Brough, Robinson & Humphrey, 114 Okla. 193, 245 P. 649, we held that the statutory provision directing a district judge of the state to preside over the superior court of his county was unauthorized and invalid under the Constitution. It was observed that in many prior cases the district judge had so presided over the superior court, and it was deemed necessary and proper for this court to say that in all such cases where he had so presided, without objection, the district judge was acting as a de facto judge and his acts would not be invalid by reason of the unconstitutionality of the provision authorizing him to so act.

Here there was no express agreement to try this cause with Judge Norman presiding, but there was complete acquiescence in his so presiding. The plaintiff might have objected, but he did not. He might have ascertained from the records of the Chief Justice the facts as to the expiration of the assignment. It is suggested with merit that attorneys are presumed to know and are bound by the records and orders of this court. It cannot be doubted that if plaintiff had elected to ascertain the facts and base an objection thereon, the error would have been speedily corrected before the trial proceeded. The record indicates to us that the plaintiff was not only acquiescing in this trial before Judge Norman, but that he affirmatively desired it in order that he might then present his claim for judgment against defendant. It is not probable that the result of the trial, or any right of plaintiff could have been adversely affected by the fact, unknown to the judge or either party, that the judge lacked complete legal power to act because of the form of the assignment. It is suggested that it was the original intendment that the assignment period be two weeks and the inserting of the one week period was an inadvertence. It is not necessary to base our conclusion on such intendment. We hold that under the circumstances Judge Norman was a de facto judge or special judge, and when plaintiff proceeded to try his cause to final judgment, he cannot then avoid it merely because of the noted error in the legal power and authority of the judge. The judgment rendered by Judge Hill is reversed, and the cause remanded, with directions to set aside the order of March 16, 1933.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BUSBY, CORN, and GIBSON, JJ., concur. BAYLESS and PHELPS, JJ., absent.