KANE v. FERGUSON.

No. 31692.  March 27, 1945.

*157 P. 2d 194.*

O. E. Swan, of Chicago, Ill., and H. L. Smith, of Tulsa, for plaintiff in error.

B. F. Davis, J. A. Patterson, and W. M. Haulsee, all of Wewoka, for defendant in error.

RILEY, J. This is an appeal from an order overruling a motion to vacate a judgment alleged to be void. The judgment sought to be vacated was rendered in the action hereinafter detailed.

On December 28, 1920, Sulpa Kane and Cora Kane, husband and wife, commenced an action in the district court of Seminole county against Walter Ferguson wherein in a first cause of action they sought to recover possession of a tract of land alleged to be the family homestead of plaintiffs. The basis of their claim was that the husband, Sulpa Kane, had executed a warranty deed purporting to convey said land to defendant and that the wife, Cora Kane, had not joined in the execution of said deed and that defendant held possession under said deed.

In the second cause of action the plaintiffs pleaded that in the event the court should determine that the deed given by Sulpa Kane conveyed good title to the land, then there was a balance due and unpaid on the purchase price in the sum of $1,350, which plaintiffs prayed be made a lien on the land. Copy of the deed was attached to the petition. It was signed and acknowledged, September 7, 1920, only by Sulpa Kane.

Defendant answered admitting that on September 7, 1920, plaintiffs were the owners of the land involved, and that the land was the homestead allotment of Sulpa Kane. Defendant pleaded an oral agreement for the purchase of said land, wherein plaintiffs agreed to sell and convey the same to defendant for the sum of $1,500; that there was a prior deed of record from Sulpa Kane to one E. L. Harris, and a valid and subsisting mortgage against the land, all of which was known to plaintiffs; that as a part of the consideration, defendant was to procure a quitclaim deed from Harris and pay off and cause to be released of record the mortgage; that said oral agreement was partly performed in that defendant did procure the quitclaim deed from Harris at a cost of $100, and paid off and caused to be released the mortgage against the land, and that after that was done, there was a balance due plaintiffs of $275; that Sulpa Kane, pursuant to said oral agreement, executed the warranty deed to defendant, with the explanation that his wife, Cora Kane, was sick at the time and would later come in and execute the deed. The answer then pleaded full performance of a contract on the part of the defendant, except for the payment of the alleged balance of $275 on the purchase price, which sum he tendered into court for plaintiffs. By cross-petition defendant sought to have title to the land quieted in him. Reply was by general denial.

February 9, 1921, an order, reciting that it was upon agreement of the parties, was entered appointing Frank L. Warren referee in the cause, with authority to settle the pleadings and try the issues, make findings of fact and conclusions of law, and report same to the court on or before the next regular term of the court, and that the testimony need not be attached to the report.

On February 28, 1921, there was signed and filed in the case the following stipulation:

"It is hereby stipulated and agreed by and between the parties hereto that J. W. Bolen is disqualified to try the above entitled cause and that we, the undersigned, representing the respective parties, hereby agree that Frank L. Warren shall act as special judge to try said cause.

"Geo. C. Crump
"J. A. Patterson
"C. G. Cutlip."

·On the same day, Frank L. Warren executed and filed. in said cause· his oath of office.

On the same day, there was filed in the cause a journal entry of judgment which recited that the cause came regularly on to be heard before Frank L. Warren; that the parties were all present in person and by their respective attorneys and waived a jury and announced ready for trial; and that the court heard the testimony of witnesses and argument of counsel. The journal entry then showed findings that Sulpa Kane executed the warranty deed conveying the land, describing it, to defendant; that said land had never been impressed with the homestead character, and that Cora Kane had no right, title, or interest in or to the same and was not a necessary party to the signing of said deed. There was a further finding that there was a balance due on the purchase price of said land from defendant Ferguson to plaintiff Sulpa Kane, including interest, of $422.25, and that Walter Ferguson was the owner in fee simple of the land, and that upon payment by defendant of said $422.25, plaintiffs would have no further claim in and to said land.

The decree quieted title to the land in defendant Walter Ferguson and barred plaintiffs, Sulpa Kane and Cora Kane, from claiming any right, title, or interest in the land. Judgment was entered in favor of plaintiffs against defendant Walter Ferguson in the sum of $422.25 and costs. The journal entry was signed: "Frank L. Warren, Special District Judge."

After signature of the trial judge, appears the following receipt:

"Received of Walter Ferguson Four Hundred Twenty-two *Dolars* and twenty five cents, in payment of the above judgment, and same is hereby satisfied in full.

"Geo. C. Crump,
"Attorney for Plaintiff."

On December 3, 1941, 20 years and nine months after said decree and judgment was entered, Cora Kane, widow of Sulpa Kane, filed a motion to set aside said judgment. One of the grounds set out was that the judgment is void on the face of the proceedings. An order was entered December 29th, dismissing said motion, signed by Bob Howell, judge of the district court. Motion to set aside that order was filed December 30, 1941. On the latter date, an amended motion to set aside the judgment was filed. On February 11, 1942, still another amended motion to vacate the judgment (upon which hearing was had) was filed, alleging that the judgment entered February 28, 1921, was void on its face.

The first ground set out in the amended motion is:

"That said judgment was rendered at a time when this court was not in session."

The second to sixth grounds, inclusive, set out, in different ways and in different language, that the judgment was not rendered by the district court or by the duly elected and qualified judge thereof, but was rendered by a person who was not a judge of the court and who was not qualified, empowered, or authorized by law to act as a judge of said court. The seventh to ninth grounds, inclusive, assert, in different language, that the judgment was not authorized by the pleadings, was entirely outside the issues made by the pleadings and submitted to the court, and is contrary to the facts charged and admitted in the pleadings.

February 18, 1942, Bob Howell, district judge, certified in writing his disqualification to hear said motion and set the same for hearing before Honorable Tal Crawford, district judge of Pontotoc county on February 26, 1942. On that day the motion was heard before Honorable Tal Crawford, district judge, resulting in a general finding and order as follows:

"Thereupon, the court having considered said motion and the briefs filed and presented by counsel, and being fully advised in the premises, finds that said motion is not well taken and should

be overruled. IT IS THEREFORE OR-DERED, ADJUDGED AND DECREED BY THE COURT that the said Motion to Set Aside Void Judgment filed herein by the plaintiff Cora Kane, be and it is hereby overruled . . ."

From this order, Cora Kane appeals.

The grounds set up in the motion to vacate the judgment, going to the question of the disqualification of the regular judge and appointment and qualification of the special judge, may be considered together. It is contended that the judgment sought to be vacated and set aside is void because the record does not disclose that there was an application made to disqualify the duly elected judge; that he was not disqualified nor was there any showing that Frank L. Warren was qualified. It is asserted that the only authority for the appointment of a special judge upon agreement of the parties is Title 22, sec. 572, O.S. 1941, which provides:

"If the presiding judge, for any legal cause shall be incompetent or disqualified to try, hear, or render judgment . . . the parties or their attorneys of record . . . may agree upon some member of the bar of the district who is not disqualified . . . to act as a special judge."

This may be true so far as authority is provided by the Legislature. But section 9, art. 7, Constitution provides that:

"In the event any judge shall be disqualified for any reason from trying any cause in his district, the parties to such case may agree upon a judge pro tempore to try the same . . . ."

Therefore, there is constitutional authority as well as statutory authority for such a selection.

The record discloses that all of the parties were present in person and by attorney and waived a jury and consented that the case might be tried before Frank L. Warren, special judge. No objection was made at the time to the trial before said special judge and no question was raised as to his authority to act as judge.

Plaintiff in error cites a number of cases from other jurisdictions which, in effect, hold that where a case is tried before a special judge, the record must disclose that the regular judge of the court was properly disqualified and that the special judge was selected strictly in the manner provided by law, and that otherwise the judgment is void, and that the parties, by going to trial without objection, are not estopped from denying the special judge's jurisdiction. Such is not the rule in this state. In McBride v. Foote, 63 Okla. 275, 165 P. 160, it is said:

"Objection to the authority of a special or substitute judge may be waived by the act or omission of a party. The objection should be made at or before the trial, and cannot be made for the first time in this court. Such objections, not having been made at the trial, are deemed to have been waived."

Therein it is held:

"Where an action is tried before a special judge, both parties announcing ready for trial, and no question is raised in the trial court as to his authority to hear and determine the case, or as to the regularity of his selection, such question cannot be raised for the first time in this court on appeal."

That case was tried before R. H. Nichols as special judge and the record did not disclose that R. H. Nichols was other than a private person or that he was selected to act as judge, or that he possessed any of the qualifications prescribed by law to act as such judge, or that the regular judge was disqualified or otherwise unable to try the case.

In Kelly v. Roetzel, 64 Okla. 36, 165 P. 1150, it is held:

"Where an action is tried before a special judge selected by agreement of the parties in accordance with the statute and no question is raised in the trial court as to his power or authority to hear and determine the case or as to the regularity of his selection, such question cannot be urged for the first time in the Supreme Court on appeal."

In the opinion it is said:

"It is a general rule that objections to the authority of a special or substi-

tute judge may be waived by the act or omission of a party, and ordinarily such objections are waived when they are not properly made."

The rule was announced in Bradley et al. v. Chestnutt-Gibbons Grocer Co., 35 Okla. 165, 128 P. 498. See, also, Lamb v. Alexander et al., 74 Okla. 250, 179 P. 587; Alexander v. Smith, 70 Okla. 204, 173 P. 648; Davenport v. Jamison et al., 74 Okla. 82, 177 P. 550; Oklahoma Transportation Co. v. Lewis, 177 Okla. 106, 58 P. 2d 128. Plaintiff in error cites Apple v. Ellis, 50 Okla. 80, 150 P. 1057, which holds to the contrary. But that case is expressly overruled in Kelly v. Roetzel, supra. Every defect suggested by plaintiff in error in this case is covered by McBride v. Foote, supra, or by Kelly v. Roetzel, supra.

It is next contended that the judgment sought to be vacated is void because entirely outside of the issues made by the pleadings. This contention is not well taken. The question of whether the land involved was the family homestead was expressly put in issue by the plaintiffs' petition and the general denial in the defendant's answer. The answer did admit that the land in question was the homestead allotment of Sulpa Kane, but that is not an admission that the land was the family homestead. That issue was before the court and the court made the finding that said land had never been impressed with the homestead character, and that Cora Kane had no right, title, or interest in or to said land and was not a necessary party to signing the deed.

Furthermore, the second cause of action set up in the petition then before the court alleged that in the event the court should determine that the deed of Sulpa Kane conveyed the interest in said land, there was still due and unpaid a balance of the purchase price in the sum of $1,350, for which judgment was prayed. Defendant's answer admitted a balance due of $275. That question was within the issues and the court held that there was a balance

due on the purchase price, including interest, in the sum of $422.25, for which judgment was entered, and the attorney for plaintiffs receipted for said sum in full satisfaction of the judgment.

Finally, it is contended that the judgment is void because the proceedings, including the signing of the journal entry, were had at a time when the court was not in session. Plaintiff in error introduced in evidence and relies upon the minutes of the clerk, which show:

"Feb. 26 1921
"Court open in due form of law and was recessed by Sheriff C. H. Brown until March 1, 1921.
"F. A. Cavin Court Clerk"
"By H O McDonald "

"Feb 28 1921
"Court opened in due form of law. Present and presiding Judge Frank Warren acting as Special Judge, and Vassie White as Reporter."

The only authority conferred upon the sheriff to adjourn court is Title 12, sec. 55, O.S. 1941, which provides:

"If the judge of a court fail to attend at the time and place appointed for holding his court, the sheriff shall have power to adjourn the court, from day to day, until the regular or assigned judge attend or a judge pro tempore be selected; but if the judge be not present in his court, nor a judge be assigned or a judge pro tempore be selected, within two days after the first day of the term, then the court shall stand adjourned for the term."

That provision had application only where the judge of a court was not present at the time appointed by law for opening the term of court. Union Pacific Railroad Co. v. Hand, 7 Kan. 380. But under that authority, the sheriff could only adjourn court from day to day for not to exceed two days. After the term was once opened, sec. 3830, O.S. 1931, then in force, but which was repealed by S.L. 1941, p. 462, sec. 1, was applicable. It provided:

"The regular term of any district court may be adjourned from time to

time, or sine die, by a resident judge of the district court, but such adjournment shall be at a time prior to the convening of the next regular term."

In Southwestern Surety Ins. Co. v. Douglas et al., 81 Okla. 232, 198 P. 334, it is held:

"A district court legally opened for all general purposes continues in session until it adjourns sine die, or expires by law, and when an adjournment is made subject to call, the term not having then expired by law, and it convenes, the court is legally constituted and its acts are valid and binding."

Special judges, during the period of their incumbency, have, as to matters within their jurisdiction, all the powers possessed by the regular judge of the court, and ordinarily, upon the selection of a special or substitute judge, the powers of the regular judge are suspended so far as they relate to the case which a special judge was chosen to try. 33 C.J. 1032. The sheriff had no authority to adjourn court from the 26th day of February to the 1st of March and his attempt to do so was a nullity. For the purpose of the trial of the case for which he was selected, the special judge, upon filing his oath of office, had full power to convene the court on February 28, 1921, and the court was regularly in session when the proceedings were had and the judgment rendered.

Affirmed.

GIBSON, C.J., HURST, V.C.J., and OSBORN, BAYLESS, WELCH, CORN, DAVISON, and ARNOLD, JJ., concur.