**William W. DODD, Plaintiff in Error,**
**v.**
**Mary Lee DODD, Defendant in Error.**
No. 38464.

Supreme Court of Oklahoma.
Dec. 8, 1959.

W. G. Long, Jr., Pauls Valley, for plaintiff in error.

Lewis M. Watson, Ada, for defendant in error.

HALLEY, Justice.

Mary Lee Dodd, plaintiff, sued William W. Dodd, defendant, for a divorce, custody of a child, attorney's fee and court costs. Parties will be referred to as in the trial court. The divorce was granted on Au-

gust 7, 1957. The attorney's fee was fixed at two hundred dollars.

On December 18, 1957, a temporary restraining order was issued enjoining and restraining the defendant from molesting plaintiff. January 7, 1958, was fixed as the day for the hearing as to whether the temporary restraining order should be made permanent. On said date the hearing was had on the application for a permanent restraining order. The temporary order was made permanent. In this order, among other requirements, the defendant was directed to pay an additional fee of one hundred dollars over and above the two hundred dollar fee allowed in the decree of divorce. The additional one hundred dollars was to be paid within thirty days from the date of this permanent restraining order which was January 7, 1958.

On March 19, 1958, the defendant plead not guilty to the charge of contempt of court and requested a jury trial. The contempt proceeding came on for trial on April 25, 1958. It was stipulated and agreed between the parties that the matter could be tried before Honorable Fred Andrews as Special Judge to a six member jury. The Special Judge was the County Judge of Pontotoc County, Oklahoma.

A jury was empaneled and heard the case. A verdict was rendered finding the defendant guilty and the jury fixed his punishment at sixty days in jail and $150 fine. The defendant appealed to this Court.

■ The defendant's first proposition that the Special Judge did not take and file the oath of office raises a unique question. The record in this case fails to show that the Honorable Fred Andrews took and filed an oath of office. In Apple v. Ellis, 50 Okl. 80, 150 P. 1057, we held that the record must show that the Special Judge took the oath that is required by the Constitution of Oklahoma. However, in Kelly v. Roetzel, 64 Okl. 36, 165 P. 1150, we overruled Apple v. Ellis, supra, and held that where an action is tried before a special judge selected by agreement of the parties in accordance with the statute and no question is raised in the trial court as to his power or authority to hear and determine the case or as to the regularity of his selection, such question could not be urged for the first time in the Supreme Court on appeal. To the same effect is our holding in Kane v. Ferguson, 195 Okl. 292, 157 P.2d 194. The exact question that the record must show that the special judge had taken the oath of office as is required by the Constitution was not mentioned in Kelly v. Roetzel or Kane v. Ferguson, supra. However, we think that the parties in the case at bar waived the matter of the oath when they agreed that the duly qualified County Judge of Pontotoc County should hear the case. Especially is this so when the question was not raised in the trial court. Apple v. Ellis, supra, is also overruled on this point, that is that failure to take the oath of office by a special judge nullifies the judicial proceedings taken by him.

■ As to defendant's second contention that the fee claimed by defendant in error's attorney was not reduced to a figure certain, we cannot agree because the evidence showed that the defendant had not paid the attorney's fee required of him, which was two hundred dollars in one order and one hundred dollars in another order, making a total of three hundred dollars.

■ The defendant also contended he was not able physically to work but the defendant's own testimony showed that there were certain kinds of work he could do. There was enough evidence to sustain the jury's verdict on this question.

■ The defendant's fourth proposition is that the trial court erred in instructing the jury that it should fix the punishment if defendant was found guilty. The counsel for plaintiff agrees that this was incorrect. 21 O.S.1951 § 566, provides:

"Punishment for contempt shall be by fine or imprisonment, or both, at the discretion of the court."

In Farmer's State Bank of Texhoma v. State, 13 Okl.Cr. 283, 164 P. 132, L.R.A. 1917E, 551, it was held that under Arti-

cle II, Section 25 of the Oklahoma Constitution a party charged with indirect contempt is entitled to have a jury pass upon the question of his guilt or innocence before penalty or punishment is imposed and the jury's province is limited solely to the question of guilt or innocence and it has nothing to do with the penalty to be assessed.

Although neither party objected at the time of trial we think that permitting the jury to fix the punishment in this case was fundamental error and the case must be reversed in so far as the punishment is concerned and the trial court is instructed to take such action of a coercive nature as is provided for in cases of civil contempt.

This case is affirmed as to the guilt of the defendant for indirect contempt but reversed for the trial court to take that action which the offense merits.

DAVISON, C. J., WILLIAMS, V. C. J., and BLACKBIRD, JACKSON, IRWIN and BERRY, JJ., concur.