State ex rel. Ludeling vs. Judge.

## No. 1168.

THE STATE EX REL. JOHN T. LUDELING VS. WILLIAM T. MILLSOPS, JUDGE AD HOC.

A district judge who has recused himself and appointed a lawyer or judge *ad hoc* to try the recused case, is the only one who has the jurisdiction or authority to appoint some one to fill a vacancy caused by the removal, death, or resignation of the latter.

APPLICATION for Prohibition.

The relator *in pro per.*

*Stubbs & Russell,* for the Respondent.

The opinion of the Court was delivered by

WATKINS, J. The relator, alleging himself to be the plaintiff in the suit entitled John T. Ludeling vs. J. C. Chaffe et al., now pending for trial in the parish of Ouachita, Fifth Judicial District, of which Hon. R. W. Richardson is the presiding judge, represents that said presiding judge recused himself therein, and caused the order of recusation to be entered on the minutes of his court. He further represents that the judge, after thus recusing himself, first appointed Thomas A. Garrett, a lawyer having the necessary qualifications, and he qualified as such, but resigned. Judge Richardson then appointed John Boatner as judge *ad hoc,* and he qualified and subsequently resigned. The same judge then appointed T. A. Garrett the second time, and he again qualified and resigned subsequently. Thereupon the said Judge R. W. Richardson selected and appointed the respondent as judge *ad hoc,* and he has qualified and assumed the exercise of the duties imposed upon him by law in that case.

Relator's contention is that Judge Richardson was without capacity to appoint the respondent, and that he is without jurisdiction or lawful authority to exercise the duties appertaining to the appointment; and that upon the resignation of the judge, or judges *ad hoc,* he, or some one of them, should have made the appointment of a judge *ad hoc,* to act in his place and stead.

This proposition is denied by the respondent, who asserts the legality of his appointment, and his jurisdiction over and lawful authority to try the recused case.

Relator cites in support of his claim, our recent opinions in State ex rel. Fontelieu vs. Judge, 37 Ann. 394, and State ex rel. Fontelieu vs. DeBaillon, 38 Ann. 727.

In the former case we said, in keeping with prior authority therein cited, that the judge appointed to try that case " became vested with

jurisdiction over the case absolutely and as exclusively as would have been the case with a suit originating in his own court."

Sec. 6 of act 210 of 1880 declares that "the *lawyer* or judge appointed under sections 2 and 3 of this act, shall have and exercise the same powers as the judge (recused) may exercise in cases before his court, in which no causes of recusation exist, etc." The case above referred to not having been tried by the judge appointed to try it within nine months, an application was made to have the cause transferred to some parish in an adjoining district, and we held that the judge *ad hoc* at the time presiding, was the proper officer to make the transfer of said cause.

In Halphin vs. Guilbeau & Broussard, 38 Ann. 727, we held that "in case of the *transfer of a suit, the judge* of the court to which the transfer is made has as full and complete authority and jurisdiction over the same as if it had originated in that jurisdiction." State ex rel. Gates vs. Judge, 38 Ann. 452.

While it is perfectly true that the judge or lawyer appointed to try a recused case has exclusive jurisdiction over it, and can exercise as perfect control over it as the judge who has recused himself, can exercise over other causes in which he is not recused; and such judge *ad hoc* is the only competent and proper authority to *transfer the suit* to another jurisdiction, under the law, it does not follow that he has the power, or can exercise the authority of appointing another judge or lawyer to fill the vacancy to be produced by his contemplated resignation.

That power must of necessity reside in the judge who is recused, as is fitly illustrated by this case. The several lawyers selected and appointed by Judge Richardson, have already resigned, and the respondent was thereafter appointed and qualified, and entered upon the discharge of the duties of that office. It is perfectly clear that a judge *ad hoc*, who has *actually resigned*, could make no appointment thereafter.. Such being the case, there could be no other judge *ad hoc* appointed, if none could be appointed by the judge recused.

Take the case of a judge *ad hoc* who should die, or remove from the State, at a time when there was a vacation of the court. If thereafter the judge recused *could not* appoint a judge *ad hoc* to fill his place, the trial of the case would remain at a standstill until the said judge should cease to be the judge of the court in which the recused case might be pending. We are unwilling to place such a construction upon the plain and unambiguous words of the statute as would pro-

duce such a state of things. There is no such a *casus omissus* in the law under consideration.

So long as the judge *ad hoc* is acting he has exclusive control of the *case*, but he cannot select and appoint his successor.

The relator has not presented a case entitling him to relief.

It is therefore ordered, adjudged and decreed that his demands be rejected, and the alternative writ of prohibition be set aside, at his cost.