Schlungger v. The State.

of counsel, for reversing the judgment below and granting plaintiff a new trial.

The judgment is affirmed, with costs.

Filed Feb. 9, 1888.

---

No. 14,085.

## SCHLUNGGER v. THE STATE.

CRIMINAL LAW.—*Judge Pro Tempore.—Trial by.—Appointment.—Waiver of Objection.*—Where a person other than the regular judge presides at the trial of a cause, and the record on appeal is silent upon the question of his authority to preside, it is too late, no objection having been made in the trial court, to raise any question concerning his appointment in the Supreme Court.

SAME.—*Statement of Judge.—Bill of Exceptions.—Practice.*—A written statement or narration by the presiding judge, setting forth that he tried the cause by agreement of the parties, without any appointment in writing, but not possessing the requisites of a bill of exceptions, is not a part of the record and will not be considered.

From the Wells Circuit Court.

*C. M. France* and *M. W. Lee,* for appellant.

*L. T. Michener,* Attorney General, *E. C. Vaughn,* Prosecuting Attorney, and *J. H. Gillett,* for the State.

MITCHELL, C. J.—The appellant was tried in the court below and found guilty of the charge of petit larceny. His punishment was fixed at imprisonment in the State's prison for one year, to which were added a fine and disfranchisement.

There are two grounds presented in the brief upon which a reversal of the judgment is asked : 1. That the verdict is

not sustained by the evidence; and, 2. Because the judge *pro tempore*, who presided at the trial, was not regularly appointed, and hence had no right or jurisdiction to try the case or give judgment therein.

Concerning the point last named, the record recites that "on the 14th day of October, 1887, the said being the twenty-third judicial day of the September term, 1887, before the Honorable Joseph S. Dailey, judge *pro tem.*, the following further proceedings were had by said court in said cause: * * * Comes now the State, by E. C. Vaughn, prosecuting attorney, and the defendant in person and by counsel, and by agreement this cause is submitted to the court as now constituted."

The record shows an arraignment, a plea of not guilty, and a trial by jury, including all the other steps to judgment and sentence, over a motion for a new trial, without any objection in any form whatever to the competency of the court or to the regularity of the appointment of the presiding judge.

In *Kennedy* v. *State*, 53 Ind. 542, a case relied on by the appellant, this court, following a rule settled by numerous authorities cited in the opinion, said: "Where a cause is tried, in whole or in part, before any other than the regular judge, the record, whenever objection is made in the court below to the authority of such person, must show legal authority in such person to act as such judge; but where no objection is made in the court below, all objections to his authority will be deemed in this court to have been waived."

The record does not disclose the want of authority of the presiding judge, and the cases are abundant which declare that, where a party goes to trial, without objection, before a judge who assumes to act under color of authority, he can not after judgment or conviction successfully make the objection that the judge acted without competent authority in the trial of the case. *Smurr* v. *State*, 105 Ind. 125 (133), and cases cited; *Henning* v. *State*, 106 Ind. 386, 395 (55 Am. R. 756).

Schlungger *v.* The State.

The record being silent as to the authority, or want of authority, of the presiding judge to act in that capacity, and no question having been made concerning his appointment in the court below, it is too late to make the question here.

What purports to be a bill of exceptions signed by the judge *pro tempore,* in which the fact is recited that the cause was tried before Judge Dailey, by the mutual agreement of the parties, at a regular term of the Wells Circuit Court, without any appointment in writing, can not be regarded as part of the record. It is not a bill of exceptions; it is nothing more than a written statement or narration by the presiding judge of the manner in which he came to try the case. It recites no ruling or decision of the court to which any exception was taken. On the contrary, it shows, as does the record, part of which has already been set out, that the appellant requested the judge who presided to try the cause.

A bill of exceptions is "A formal statement, in writing, of exceptions taken to the opinion, decision, or direction of a judge, delivered during the trial of a cause; setting forth the proceedings on the trial, the opinion given, and the exception taken thereto, and sealed by the judge in testimony of its correctness." *Bowen* v. *State,* 108 Ind. 411; *Galvin* v. *State, ex rel.,* 56 Ind. 51; *Redinbo* v. *Fretz,* 99 Ind. 458.

Concerning the sufficiency of the evidence to sustain the verdict, it will be sufficient to say, the appellant admitted the taking of money from the pocket of the prosecuting witness on an occasion when both were drinking with others in a saloon; but his pretence was that he took it as a joke, and not with any felonious intent. There was evidence which discredited this theory to such an extent as that the jury might well have refused to adopt it. That they found the appellant guilty makes it clear that the jury refused to accept the theory of the defence. We can not say that the verdict is not supported by the evidence.

Judgment affirmed, with costs.

Filed Feb. 9, 1888.