Filed June 28, 1889.

No. 13,767.

CARGAR *v.* FEE.

JUDGE PRO TEMPORE.—*Power to Appoint Successor.*—A judge *pro tempore,* whose competency is objected to by a party, has no power to appoint another person to serve as judge *pro tempore,* that power resting solely in the regular judge.

SAME.—*Validity of Appointment.*—*Objection to.*—Where the authority of a *de facto* judge, acting under color of a temporary appointment, is promptly challenged and in a proper method, the question of the validity of his appointment is presented.

From the Adams Circuit Court.

*T. G. Smith, D. D. Heller* and *P. G. Hooper,* for appellant.

*J. S. Dailey, L. Mock, A. Simmons* and *J. T. France,* for appellee.

ELLIOTT, C. J.—The judge of the Wells Circuit Court entered of record the appointment of James P. Hale, Esq., as judge *pro tempore,* and Mr. Hale accepted the appoint-

ment and qualified.    The appellant, by affidavit, objected to the competency of Mr. Hale, whereupon he appointed Edwin C. Vaughan judge *pro tempore*, and Mr. Vaughan duly qualified.    As soon as Mr. Vaughan had qualified, the appellant objected to his trying the cause, and in support of his objection asserted that the appointment was unauthorized, and that Mr. Vaughan was incompetent because he held the office of prosecuting attorney of the judicial circuit.

The question which first arises is this:  Had Mr. Hale power to appoint Mr. Vaughan?

The question we have stated is properly before us and must be decided, for the objection was promptly interposed. An appointment of a judge *pro tempore*, although not regularly made, constitutes the appointee a judge *de facto*, and the acts of a judge *de facto* can not be overthrown in a collateral attack, nor, indeed, in a direct attack, unless the objection is promptly made.  *Smurr* v. *State*, 105 Ind. 125; *Schlungger* v. *State*, 113 Ind. 295; *Bartley* v. *Phillips*, 114 Ind. 189, and cases cited; *Greenwood* v. *State*, 116 Ind. 485; *Littleton* v. *Smith, ante*, p. 230.  Where, however, the authority of a *de facto* judge, acting under color of a temporary appointment, is promptly challenged and in a proper method, the question of the validity of his appointment is presented.

Many well reasoned cases deny the authority of a judge to appoint a judge *pro tempore*, even though a statute assumes to confer the authority, but our decisions declare a different doctrine, and the validity of our statute conferring authority upon a judge to make such an appointment must be regarded as too firmly established to be questioned.  *Feaster* v. *Woodfill*, 23 Ind. 493; *Brown* v. *Buzan*, 24 Ind. 194; *State* v. *Dufour*, 63 Ind. 567; *Pate* v. *Tait*, 72 Ind. 450; *Fassinow* v. *State*, 89 Ind. 235; *Board, etc.*, v. *Seaton*, 90 Ind. 158; *Wood* v. *Franklin*, 97 Ind. 117; *Board, etc.*, v. *Courtney*, 105 Ind. 311.  But the case before us presents a question not decided in any of the cases to which we have referred, for here the question is not as to the power of the duly elected

judge to appoint, but as to the power of his appointee to appoint a judge *pro tempore.*

Our judgment is that the appointment of Mr. Vaughan was unauthorized. A person who acts as judge *pro tempore* in a particular case has not the authority of the regular judge, and, therefore, has no appointing power. The extent of his authority is to hear and determine the case which he was appointed to try, but he can not appoint another person to serve as judge. The general rule is, that judicial power can not be delegated, and this rule is too firmly settled to be departed from, except in cases where a valid law expressly authorizes the delegation of such authority. *State,* *ex rel.,* v. *Noble,* 118 Ind. 350. The statute authorizing the duly elected judge to appoint a judge *pro tempore* trenches upon the fundamental principle, and by many of the decisions would be condemned. Cooley Const. Lim. (5th ed.) 306, *n.* We can not further encroach upon this elementary principle by adjudging that a judge, holding by a temporary appointment, may himself appoint a person to discharge the duties of the office.

When Mr. Hale declined to act, and laid aside the power conferred upon him by the duly chosen judge, the authority to appoint re-vested in that judge and could not be rightfully exercised by an appointee. *State* v. *Millsops,* 39 La. Ann. 793.

Judgment reversed.

Filed June 28, 1889.