Cargar v. Fee et al.

No. 16,946.

## CARGAR v. FEE ET AL.

JURISDICTION.—*Change of Venue from County by Pro Tempore Judge Appointed by Pro Tempore Judge.—When Invalid.—Reversal.—New Trial.—Circuit Court.*—Where objection is made to the competency of a *pro tempore* judge, and such *pro tempore* judge appoints another *pro tempore* judge, to which objection is promptly made, and the second *pro tempore* judge grants a change of venue from the county, and an appeal is taken from the judgment of the court to which the case was sent on change of venue, and the case is reversed on appeal and remanded with order for further proceedings, the appointment of the *pro tempore* judge by a *pro tempore* judge being erroneous and promptly objected to, all acts done in the case on and after the change of venue from the first *pro tempore* judge were nullified by the reversal in the Supreme Court, and the only authority that should be exercised by the court of the county to which the change of venue was taken was to return the case, after being reversed and remanded, to the court of the county of original jurisdiction, which had at no time been divested of jurisdiction by the attempted change of venue.

PRACTICE.—*Motion.—Presents no Question on Appeal Unless Made a Part of the Record.*—A motion to separate causes of action and to reject paragraphs of complaint for misjoinder of causes and of parties defendant, which was overruled, presents no question on appeal when it is not made a part of the record by bill of exceptions or otherwise.

SAME.—*Motion to Separate Causes of Action.—Demurrer.*—Where two causes of action are improperly united, the error should be reached by motion to separate, and not by demurrer.

SAME.—*Refusing to Submit Form of Verdict.—Issues.*—Where the relief entitled to by the plaintiff, under the issues, was the right of ownership and the possession of the whole land in controversy, there was no error in refusing to submit to the jury a form of general verdict finding for the plaintiff as to a certain right of way over the land in controversy.

JUDGMENT.—*Reversal.—Supreme Court Practice.*—A judgment will not be reversed for misjoinder of either causes of action or of parties.

DEMURRER.—*Causes for.*—There is no such reason for demurrer as misjoinder of parties.

ASSIGNMENT OF ERRORS.—*Joint Assignment.—Instructions.*—An assign-

Cargar v. Fee et al.

ment of error alleging that the court erred in giving to the jury certain instructions, assigning them jointly, to be available, must show that all of such instructions are erroneous.

RECORD.—*Interrogatories to Jury, and Answers.—How Made a Part of Record.—Motion for Judgment Non Obstante Veredicto.—Bill of Exceptions.*—Answers to interrogatories, as well as the general verdict itself, are a part of the record without being included in a bill of exceptions, and a motion for judgment upon the answers, notwithstanding the verdict, presents a question which may be determined by an inspection of the record, without a bill of exceptions.

LANDLORD AND TENANT.— *When Such Relation does not Exist.*—For facts insufficient to establish the relation of landlord and tenant, see opinion.

From the Huntington Circuit Court.

*T. G. Smith, Sayler & Sayler* and *J. R. Day,* for appellant.

*J. B. Kenner, L. Mock* and *L. B. Simmons,* for appellees.

HOWARD, J.—This was an action brought by the appellee James W. Fee against the appellant and others for possession of, and to quiet title to, real estate.

The suit was begun April 22, 1884, in the Wells Circuit Court. There were numerous changes of venue, the case having been heard in three counties and before nine different judges. Four trials were had, each resulting in a judgment for the appellee. The case is here for the second time. *Cargar* v. *Fee,* 119 Ind. 536.

On the former appeal to this court, it appeared that the judge of the Wells Circuit Court, deeming himself disqualified, appointed James P. Hale, Esq., judge *pro tempore* to try the case. A change of venue being taken from Judge Hale, he appointed E. C. Vaughn, Esq., as judge *pro tempore* in his place. A change of venue was then taken from the county, and the case was sent, by Judge Vaughn, to Adams county, where a trial was had and judgment rendered for the appellee. On a new trial,

under the statute, judgment was again given to the appellee.

From the last judgment, an appeal was taken to this court, and the judgment was reversed for the reason that Judge Hale, an appointee of the regular judge of the Wells Circuit Court, had himself no authority to appoint Judge Vaughn to try the case, such power to appoint a special judge residing only in the regular judge.

When the case was returned to Adams county, it was, on motion of appellee, certified back to the Wells Circuit Court, where it was again docketed for trial and summons issued.

In answer to the summons, appellant appeared specially and filed a plea in abatement, in two paragraphs. In the first paragraph of the plea it was claimed that the Wells Circuit Court had no jurisdiction of the case, for the reason that the same continued in the jurisdiction of the Adams Circuit Court, to which it had been sent on change of venue by Judge Vaughn. In the second paragraph of the plea it was claimed that the Wells Circuit Court had no jurisdiction, for the reason that the original suit in the Adams Circuit Court had been abandoned and a new suit, with the same issues and between the same parties, begun in the Wells Circuit Court without having paid the costs of the former suit.

A demurrer was sustained to the plea in abatement. We do not think that this ruling was erroneous, as contended by counsel for appellant.

On the former appeal in this case, *Cargar* v. *Fee, supra*, it was decided that the person appointed by the regular judge to try the case could not himself, over objection promptly interposed, appoint another person to try the case. As, therefore, the appointment of Judge Vaughn was invalid, jurisdiction of the case at once revested in the regular judge of the Wells Circuit Court.

It is true that had there been no objection made to the appointment of Judge Vaughn, his acts would have been those of a *de facto* judge, and the change of venue would stand against a collateral attack. *Hayes, Admr.,* v. *Sykes,* 120 Ind. 180; *Bowen* v. *Swander,* 121 Ind. 164.

Objection was, however, promptly made, and he had no authority to send the case on change of venue to Adams county. Consequently, when the judgment rendered in the Adams Circuit Court was reversed for the error in the appointment of the judge who had sent the case there, that reversal operated to nullify all acts done in the case on and after the change. The only authority that could be exercised in the Adams Circuit Court was to return the case to the Wells Circuit Court, which court had not at any time been divested of jurisdiction by the attempted change of venue.

Neither is it true, as contended in the second paragraph of the plea in abatement, that the refiling of the case in the Wells Circuit Court was the beginning of a new cause of action. This appears sufficiently from what we have already said.

The court overruled appellant's motion to require a separation of causes of action, and to reject paragraphs of the complaint for misjoinder of causes and of parties defendant. We do not think there was any error in this; but the question is not properly before us, as the motion is not made a part of the record by bill of exceptions or otherwise. *Shields* v. *McMahan,* 101 Ind. 591.

The appellant also contends that the court erred in overruling his demurrer to the complaint.

The complaint was in three paragraphs. In the first paragraph the appellee alleged that he was the owner and entitled to the possession of the real estate in dispute; that the appellant held possession of it without right, and for six years prior to the commencement of

the action, had unlawfully kept the appellee out of possession to his damage; that the remaining defendants claimed some interest in the land adverse to appellee, which claim was without right and a cloud upon appellee's title; demanding judgment for possession and damages against appellant, that all defendants' claims be declared void and appellee's title be quieted.

The second paragraph differed from the first only in the description of the land sought to be recovered.

In the third paragraph of the complaint, the appellee claimed to be the equitable owner in fee simple, and entitled to the possession of the land; that he and his grantors were in peaceable and adverse possession from 1837 until six years prior to the bringing of the action, at which time appellant unlawfully took possession and has since wrongfully kept appellee out of possession to his damage, demanding judgment as before.

The first reason assigned for the demurrer is, that no one of the paragraphs contains facts sufficient to constitute a cause of action.

Each paragraph is for possession of, and to quiet title to, real estate and is quite sufficient for that purpose.

The second and third reasons for the demurrer are, that there is a misjoinder of causes of action and of parties defendant.

We do not think that any paragraph of the complaint shows such misjoinder. By clause five of section 279, R. S. 1894 (section 278, R. S. 1881), actions to recover real property, with or without damages, rents and profits, partition, and to quiet title may be united.

Besides, no reversal will be awarded for misjoinder of either causes of action or of parties. Section 344, R. S. 1894 (section 341, R. S. 1881).

There is no such reason for demurrer as misjoinder

of parties. *Redelsheimer* v. *Miller*, 107 Ind. 485, section 342, R. S. 1894 (section 339, R. S. 1881).

Even, moreover, if there were here two causes of action improperly united against all the defendants, still the error should be reached by motion to separate and not by demurrer. *Lane* v. *State, ex rel.*, 27 Ind. 108; *Baddeley* v. *Patterson*, 78 Ind. 157.

The appellant answered the complaint in two paragraphs, the general denial and the twenty year statute of limitations. He also filed a cross-complaint, alleging ownership and possession in himself and asking that his title be quieted.

The appellee replied to the second paragraph of the answer and also answered the cross-complaint, each by a general denial.

Appellant contends that certain instructions given to the jury at the request of the appellee were not correct statements of the law, as applicable to the case.

It was assigned as a cause for a new trial that "the court erred in giving to the jury instructions numbered 1, 1½, 2, 3, 4, 5, 6, 7, 9, 10, 11, 12, 13, 14, 17, 18, asked by the plaintiff."

To make this a good reason for a new trial it would be necessary that all the instructions named should be incorrect. The trial court was not required to examine the whole series to find those which might be erroneous. It is the duty of one claiming error to point out that error, so that the trial court may pass upon the question intelligently. *Ohio, etc., R. W. Co.* v. *McCartney*, 121 Ind. 385; *Williamson* v. *Brandenberg*, 6 Ind. App. 97; *Walker* v. *Johnson*, 6 Ind. App. 600.

It is also claimed that the court erred in refusing instructions requested by appellant. This alleged error also is not properly before us. The seventh reason as-

signed for a new trial was that the court refused to give
to the jury "instructions numbered 3 and 6 asked by the
defendant." The assignment of error being thus joint,
if either of the instructions was erroneous no question
is presented.

The third instruction so requested and refused was
certainly erroneous. In it the jury were to be told that
a prescriptive use of a right of way may be acquired in
twenty years by the sufferance of the owner. To establish
such an easement by prescription it must appear that the
way was used continuously for twenty years adversely
to the owner of the land, under a claim of right, and
with the acquiescence of the owner. *Nowlin* v. *Whipple,*
120 Ind. 596.

It is claimed as error that the court refused to submit
to the jury a form of general verdict, finding for the ap-
pellant as to a certain right of way over the land in con-
troversy. We do not think there was any abuse of dis-
cretion in this. The pleadings made no issue as to a
right of way, but only as to the ownership and right of
possession to the whole land. The jury also found, in
answer to an interrogatory, that there was no evidence
as to such right of way. If the appellant was entitled
to any recovery, it was to the ownership of the land itself.

The appellant next contends that the court erred in
overruling his motion for judgment upon the answers to
interrogatories, notwithstanding the general verdict.

This alleged error the appellee declines to discuss, con-
tending that the question is not before us, inasmuch as
the motion was not made a part of the record by bill of
exceptions.

By section 640, R. S. 1894 (section 628, R. S. 1881),
it is provided that where the decision objected to is en-
tered on the record, and the grounds of objection to the
ruling of the court appear in the entry, the exception

may be taken by the party causing it to be noted that he excepts.

Under this provision, it has been held that as answers to interrogatories, as well as the general verdict itself, are already a part of the record, the motion for judgment upon the answers, notwithstanding the verdict, presents a question which may be determined by an inspection of the record, without a bill of exceptions, just as in case of a demurrer to a pleading. *Campbell* v. *Dutch*, 36 Ind. 504; *Monroe* v. *Adams Ex. Co.*, 65 Ind. 60; *Salander* v. *Lockwood*, 66 Ind. 285; *Terre Haute, etc., R. R. Co.* v. *Clark, Admr.*, 73 Ind. 168; *Redinbo* v. *Fretz*, 99 Ind. 458.

The correctness of the court's ruling is therefore before us for consideration.

The motion for judgment upon the answers to interrogatories seems to have proceeded upon the theory that appellee was the owner of the land, and that appellant became his tenant from year to year, and so was entitled to notice to quit before the bringing of the action for possession.

This, however, was not appellant's theory of defense. He repudiated the title of appellee to the land and claimed title in himself, filing his cross-complaint to quiet his title. If, then, it should appear that he was the tenant of appellee, he has denied the title of his landlord, and is not entitled to notice to quit on demand for possession. *Sims* v. *Cooper*, 106 Ind. 87; *Tobin* v. *Young*, 124 Ind. 507.

But we do not think that the answers to interrogatories show that the relation of landlord and tenant ever existed between appellee and appellant.

The appellant claimed title to the land through one John Grant. The jury found that a certain Solomon Johnson had at one time acted as agent for appellee.

Cargar *v.* Fee *et al.* .

The following interrogatory and answer, intended to show the relation of landlord and tenant, then follow:

"4. Did John Grant obtain permission from Solomon Johnson to fence and use the land in dispute? Yes."

This comes very far from showing that the relation of landlord and tenant was established. The mere permission to use the land, without any provision for rent, could, at most, amount to a tenancy by sufferance, if, indeed, it could amount to that. No notice was, therefore, necessary. Section 7094, R. S. 1894 (section 5213, R. S. 1881); *Eberwine* v. *Cook,* 74 Ind. 377.

Counsel for appellee finally, in an extended and earnest argument, contend that the evidence does not sustain the verdict. We have carefully considered what counsel say on this question, and have referred to the mass of evidence adduced. We think that there was enough in the evidence from which the jury might conclude that a good paper title was made out by appellee. The jury might also, from evidence adduced, find that appellee had good 'title by possession. The jury were better able than we are to weigh this evidence, and we can not disturb their finding.

Finding no available error in the record the judgment is affirmed.

DAILEY, J., took no part in the decision of this case.

Filed Nov. 14, 1894; petition for a rehearing overruled Mar. 22, 1895.