## LOVE ET AL. *V.* JONES ET AL.

[No. 23,409. Filed May 25, 1920.]

1. DRAINS.—*In Two Counties.—Repair.—Jurisdiction.—Validity of Report.—Remonstrance.*—Where a circuit court established a ditch that extended into an adjoining county, and later a new ditch was established in the latter county by proceedings in the circuit court there, which followed the line of the old ditch from a point fifteen feet from the county line, the court establishing the original ditch had exclusive jurisdiction, under §6174 Burns 1914, Acts 1913 p. 152, of a petition seeking the repair of so much of the old ditch as was still in existence and not included in the new ditch, and nothing contained in the viewers' report as to the repair of that part included in the new ditch could deprive the court of jurisdiction; hence, parties in the adjoining county, reported as affected, could not successfully attack by answer the court's jurisdiction because the report included that part of the old ditch covered by the new; if such parties desired to attack the validity of the report, they should have remonstrated, under §6143 Burns 1914, Acts 1907 p. 508. pp. 393, 395.

2. DRAINS.—*Remonstrances.—Rulings on.—Parties Entitled to Object.*—Landowners not parties to any issues presented by re-

monstrances in proceedings to repair a ditch, on appeal from rulings sustaining demurrers to their answers attacking the jurisdiction of the court, may not complain of any ruling of the court occurring on the trial of the issues raised by the remonstrances. p. 396.

3. JUDGES.—*Power of Special Judge to Appoint Special Judge.— Collateral Attack.*—A special judge has no authority to appoint another judge to try the cause, but, where he assumes to do so, the person so appointed is a judge *de facto,* whose acts and judgment cannot be overthrown in a collateral attack, nor in a direct attack unless objections to his acting be promptly made. p. 396.

4. JUDGES.—*Appointment of Special Judge.—Parties Entitled to Object.*—Where a special judge was appointed by a special judge to try issues raised by remonstrances, landowners not parties to any of such issues could not have been harmed by rulings made thereon, and hence were not in position to question the appointment of such judge. p. 397.

From Madison Circuit Court; *B. H. Campbell,* Special Judge.

Proceedings by Horace E. Jones and others for the repair of a drain, wherein Joseph F. Love and others filed answer. From a judgment sustaining a demurrer to the answer, the latter parties appeal. *Affirmed.*

*Elliott & Houck,* for appellants.

*Arthur C. Call* and *Robert McLain,* for appellees.

LAIRY, J.—This is an appeal from a judgment in a proceeding for the repair and reconstruction of the Horace E. Jones ditch. The record shows that the original Horace E. Jones ditch was established and constructed many years ago under orders of the Madison Circuit Court, made in a proceeding brought for that purpose under the statute in force at that time. The drain as originally established and constructed had its source in Madison county and its outlet in Grant county, about two and one-half miles of its length being in Madison county, and about five miles

of its length being in Grant county. The portion of this ditch constructed in Grant county extended in a general northeasterly direction, following the channel of Big Deer creek to the confluence of Big Deer creek and Little Deer creek, near the south line of section 23, township 23 north, range 7 east, in Grant county, Indiana.

In 1894, subsequently to the construction of the Jones ditch, a proceeding was commenced in the Grant Circuit Court for the location and construction of a new ditch known as the Big Deer creek ditch, located throughout its entire length in Grant county. This ditch as located and constructed, under such proceedings, had its source in the Jones ditch at a point about fifteen feet north of the line between Grant and Madison counties, and extended along the line of the Jones ditch to the lower end thereof, and thence down the channel of Big Deer creek to a point near the center of section 11 in the same township and range.

The proceeding which resulted in the judgment from which this appeal is taken was filed in Madison Circuit Court on November 29, 1915. The proceeding was instituted under the provisions of §6174 Burns 1914, Acts 1913 p. 152, which provides that a petition may be filed for the repair of a public drain, or any part thereof, in which it shall be alleged that such drain, or any part thereof, being out of repair, "is not sufficient to properly perform the drainage for which it was designed and intended, and that it can be made sufficient and perform the drainage for which it was designed and intended, by tiling and covering, or by increasing the size or number of the tile thereof, or by increasing the size or number of the

tile and changing the course, or extending the length thereof, or by removing the tile and converting the drain into an open ditch, or by making any other change therein which would be of public utility.'' The section provides that the proceedings shall be instituted in the court which had jurisdiction of the proceeding under which the ditch to be repaired was originally constructed, or, if the ditch was originally constructed under the orders of a board of county commissioners, the proceedings to repair shall be taken before the board of commissioners of the county in which the original proceedings were had.

The part of the Jones ditch described in the petition as needing repair and reconstruction commenced in Madison county at the source of that ditch as originally constructed, and extended along the line of such ditch to a point in Grant county about fifteen feet north of the Madison county line at the source of the Big Deer creek ditch, as constructed in the proceedings to which reference has been made in a former part of this opinion.

The Madison Circuit Court assumed jurisdiction of the proceeding to repair the ditch as described in the petition. The petition was placed on the docket, and viewers were appointed as provided by §6142 Burns 1914, Acts 1907 p. 508, §3, to whom the petition was referred, with directions to make and file a report in accordance with the provisions of said section.

The report later filed by the commissioners so appointed provided for the repairs of the part of the Jones ditch described in the petition, but ex-

1. tended the work of repair over and along the course of the Big Deer creek ditch in Grant county for a distance of about five miles to the point

of outlet of the Jones ditch as originally constructed. It thus appears that the repairs to be made, as a whole, covered the entire course of the original Jones ditch, the greater part of which was located in Grant county and had been reconstructed as the Big Deer creek ditch, under proceedings of the Grant Circuit Court. The lands of appellants located in Grant county were assessed with benefits by the report. Such lands were not described in the petition as benefited, but appellants were served with notice for the first time after the report was filed, as provided in §6142, *supra*. Appellants filed no remonstrance to the report of the viewers within the time allowed for such purpose by the provision of §6143 Burns 1914, Acts 1907 p. 508, §4, but, after the expiration of the time so allowed, they appeared and filed an answer by which they sought to challenge the power of the court to order the repairs and improvements as described in the report on the ground of a want of jurisdiction in the court. The specific grounds on which this challenge was based were that the greater length of the ditch to be repaired, as shown by the report, was located in Grant county, and included five miles in length of the Big Deer creek ditch, which had been located and constructed under proceedings of the Grant Circuit Court. Appellants take the position that, under the facts disclosed by their answer, the Grant Circuit Court had exclusive jurisdiction to order the repair and improvement of the Big Deer creek ditch, and that the Madison Circuit Court has no jurisdiction to order such repairs, as a part of the repair and improvement of the Jones ditch as described in the petition.

It is apparent, from the statement made, that the

objection which appellants seek to raise arises on the report of the viewers, and not on the facts 1. disclosed in the petition. Under the statutes of this state the circuit courts have jurisdiction of the general subject-matter of repairs of drains; and, as it appears that the Jones ditch was originally constructed under a proceeding instituted in the Madison Circuit Court, that court had exclusive jurisdiction to order the repair and improvement of so much of that ditch, at least, as was still in existence. It thus appears that the court had jurisdiction of the subject-matter, and that such jurisdiction was invoked by proper petition. There can be no doubt that the Madison Circuit Court had jurisdiction to order the repair and improvement of that part of the Jones ditch described in the petition, and nothing contained in the report of the viewers could deprive the court of such jurisdiction. *Lake Shore, etc., R. Co.* v. *Clough* (1914), 182 Ind. 178, 104 N. E. 975, 105 N. E. 905. The trial court properly sustained the demurrer addressed to the answer of appellants.

The first cause of remonstrance provided by §6143 Burns 1914, *supra,* gives to any owner of lands affected by the proposed improvement the right to remonstrate on the ground that the report of the viewers is not according to law, and further provides that, when the court finds in favor of the remonstrator on that ground, it will order the commissioners to amend their report or to file a new report in accordance with the law. If appellants were entitled to relief under the facts pleaded in their answer, such relief could have been obtained under a remonstrance filed in accordance with the provisions of the statute providing for remonstrances. The ques-

tion which appellants seek to present should have been raised in the trial court by a proper remonstrance filed within the time allowed by the statute. The question was not properly presented to the trial court for decision, and therefore it cannot be decided here. Nothing said in this opinion is to be regarded as an intimation by the court of any opinion as to the merits of the question which appellants have thus attempted to present.

At the time the demurrer to appellants' answers were sustained, several remonstrances to the report, filed by other owners of lands affected, were 2. pending and not decided. Appellants were not parties to any of the issues presented by these remonstrances, and for that reason they are not in a position to complain of any action or ruling of the court occurring during the trial of such issues. The ruling of the court sustaining the demurrers to the answers of appellants disposed of every question presented by them, and a judgment establishing the improvement would have followed at once had it not been for the pending remonstrances. After such adverse ruling the only remedy remaining to appellants was the right to appeal after final judgment.

The record shows that change of judge had been granted on motion of the petitioners prior to the ruling on the demurrers to the answers of appellants, and that the Hon. Willis S. Ellis had been appointed special judge and, as such, made a ruling on the demurrers. After this ruling one of the remonstrators filed a motion and affidavit for change of judge, which motion was sustained. It further appears that, by agreement between the petitioners and the remonstrator who filed the motion, Judge

Ellis, acting as special judge, appointed Hon. B. H. Campbell as special judge to try the issues presented by the several remonstrances. It has been held that a judge appointed for a special case has no authority to appoint another judge to try the case. *Cargar* v. *Fee* (1889), 119 Ind. 536, 21 N. E. 1080. It has been also held that, where a special judge assumes to appoint another judge to try the case, the person so appointed is a judge *de facto,* and that the acts and judgment of such a judge cannot be overthrown in a collateral attack, nor in a direct attack, unless objection to his acting as judge is promptly made. *Cargar* v. *Fee, supra; Schlungger* v. *State* (1888), 113 Ind. 295, 15 N. E. 269; *Smurr* v. *State* (1886), 105 Ind. 125, 4 N. E. 445; *Cargar* v. *Fee* (1895), 140 Ind. 572, 39 N. E. 93.

None of the parties to the issues presented any objection to those issues being tried by the Hon. B. H. Campbell, sitting as judge. Appellants, not being parties to the issues thus presented, could not have been harmed by any ruling of the court in the trial of such issues.

Appellants presented no question for the decision of the court while the Hon. B. H. Campbell was assuming to act as special judge, except that presented by a motion filed after judgment for an order to set aside the appointment of B. H. Campbell as special judge, on the ground that such appointment was made without authority, and to vacate the judgment rendered by him on the ground that such judgment was void. Under the authorities heretofore cited, the court did not err in overruling this motion. Appellants were not harmed by the failure of Hon. Willis S. Ellis to rule on a similar motion filed before him after judgment.

Conceding that the appointment of B. H. Campbell as special judge was not authorized by law, still appellants were not harmed by such appointment, and were in no position to question such authority for the reason that they were not parties to the issue which he was appointed to try; and, even though they had been in a position to be harmed by the rulings and decisions of the judge so appointed, they could not, under the authorities cited, have questioned his authority to act after the rendition of judgment.

Finding no reversible error, the judgment is affirmed.