**In re the Marriage of Neva J. (Zimmer) VAN METER, Appellant–Respondent,**

**v.**

**Daniel J. ZIMMER, Appellee–Petitioner.**

No. 87A04–9801–CV–2.

Court of Appeals of Indiana.

Aug. 6, 1998.

---

Keith A. Meier, Newburgh, for Appellant–Respondent.

Jo Ann Jacob Krantz, Boonville, Frank R. Hahn, Newburgh, for Appellee–Petitioner.

## OPINION

RUCKER, Judge.

In this post dissolution action the trial court entered an order compelling Neva J. (Zimmer) Van Meter ("Mother") to comply with a discovery request filed by Daniel J. Zimmer ("Father"). Among other things Father sought to inspect and copy Mother's 1996 Income Tax Return. On interlocutory appeal Mother contends the trial court erred in entering the order because: (1) her tax return is not relevant to any issue to be decided in this case, and (2) the order invades the privacy of Mother's current husband with whom Mother filed a joint return.

The facts relevant to this appeal show the parties were divorced in 1989. Mother was awarded custody of the two minor children, and Father was ordered to pay child support. In 1991 the parties agreed that Father would obtain custody of one of the minor children. The trial court entered an order in that regard and directed Father to pay child support in the amount of thirty-nine dollars ($39.00) per week. In February 1994 Father filed a petition for contempt against Mother

and also a petition to modify support. Mother countered with her own petition for contempt and subsequently filed a counter petition to modify. Thereafter both parties filed a number of motions and other pleadings. Ultimately various pending matters were submitted for hearing on February 28, 1996 and March 5, 1996 and then continued until November 5, 1997. At the February hearing during the direct examination of Father, counsel for Father made the following statement:

> Parties stipulate and agree that her name is Van Meter, I believe at this time, Neva Van Meter, and her income is eighteen thousand per year and [counsel for Mother] provided written evidence concerning that amount.

R. at 102. Although the record is not clear as to the exact date, at some point after the February hearing Father served on Mother a Motion For Production requesting the inspection and copying of Mother's 1996 Income Tax Return along with pay stubs. When Mother produced only her W–2 Wage and Tax Statement for 1996, Father filed a Motion to Compel, and Mother filed a Motion For Protective Order. The issues were addressed at the November 1997 hearing. The record shows that Mother objected to producing the tax return on grounds that to do so would be an invasion of privacy. The record also shows Mother is employed by her current husband's insurance business and that her 1996 tax return is complex and lengthy. The trial court overruled the objection and entered the following order:

> [T]he Court having heard the evidence thereon and the argument of counsel now ORDERS that the joint income tax return of the former wife and her current husband for calendar year 1996 shall be furnished to the petitioner/former husband. It will be held confidential. The petitioner, Mr. Zimmer's side, is not allowed to release that information to anyone. The former wife's Motion For Protective Order is denied.

R. at 64. The trial court certified its order as provided by Ind. Appellate Rule 4(B)(6), and on February 3, 1998 this court accepted jurisdiction of this appeal.

I.

■ Mother first contends the trial court erred in granting Father's request for production of the tax return because Father has already stipulated that Mother's income is $18,000.00 per year. Thus, according to Mother, the matter of her income is now settled, and neither the production of her tax return nor any evidence to which it may lead is relevant to any issue to be decided in this case. We first observe that when arguing the issue before the trial court Mother did not object to the production of the tax return on grounds that Father had stipulated to the amount of Mother's income. Rather, Mother confined her objection to arguments concerning violations of privacy. A party may not advance a theory on appeal which was not originally raised at the trial court. *Yater v. Hancock Cty. Bd. of Health,* 677 N.E.2d 526, 530 (Ind.Ct.App.1997), *reh'g denied.* This argument is thus waived.

■ Waiver notwithstanding Mother still cannot prevail. "[A]ny matter, not privileged, which is relevant to the subject-matter involved in the pending action" is discoverable. Ind. Trial Rule 26(B). The scope of discovery includes not only admissible evidence but also information that "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.; Kovenock v. Mallus,* 660 N.E.2d 638, 642 (Ind.Ct.App.1996), *trans. denied.* A trial court is vested with broad discretion in ruling on discovery matters. *Id.* We will reverse only where the trial court has abused its discretion. At least one of the unresolved issues before the trial court concerns the amount of support either or both parties will be required to pay for the child in their respective custody. Both parties filed petitions to modify support, and the trial court has not yet ruled on the petitions. Obviously support and the amount to be awarded are subject matters involved in the pending action. One of the factors the trial court must consider when ordering support payments is the financial resources of the non-custodial parent. *Reffeitt v. Reffeitt,* 419 N.E.2d 999 (Ind.Ct.App.1981); Ind.Code § 31–16–6–1(4). " 'Financial resources' is a much broader term than 'net income' and

may include earning capacity, ownership of capital assets together with other possessory interests." *Reffeitt,* 419 N.E.2d at 1003–04. In this case, even assuming the parties stipulated and agreed that Mother's income totaled a sum certain for the year 1996, that fact does not address the question of whether among other things Mother owns a possessory interest in the business of her current husband. This question is relevant to a determination of Mother's financial resources and may be revealed by an examination of her joint tax return. We find no abuse of discretion on this issue.

## II.

Mother next contends the trial court erred also in ordering the production of the tax return because to produce it would be an invasion of privacy. Other than citing federal case authority standing for the general proposition that personal financial information is private, Mother does not explain whether the source of her alleged privacy right is based on provisions of the Internal Revenue Code, the United States Constitution, the Indiana Constitution, or Indiana common law. The analysis under each claim is different and that is especially so for claims asserted pursuant to the U.S. Constitution. *See, e.g., Plante v. Gonzalez,* 575 F.2d 1119 (5th Cir.1978) (exploring the distinction between two different kinds of interests involved in privacy determinations). Also, Mother does not present cogent argument explaining how the authority she cites applies to the facts of this case.[1] In any event we need not reach the privacy issue. Rather, the concerns raised here may be resolved through considerations of relevancy and confidentiality.

As we have already noted "[a]ny matter, not privileged, which is relevant to the subject-matter involved in the pending action" is discoverable. Ind. Trial Rule 26(B). It is true that for purposes of computing a parent's weekly gross income the income of a subsequent spouse may not be included as a part of the computation.[2] However the amount of a subsequent spouse's monetary contribution must be considered when computing a parent's weekly gross income. *Gilpin v. Gilpin,* 664 N.E.2d 766, 767 (Ind.Ct.App.1996). Thus to the extent a joint tax return may shed light on whether a current spouse is making monetary contributions to a parent the return is relevant and discoverable. However, even having reached the forgoing conclusion we acknowledge that most taxpayers are sensitive about their tax returns and wish to keep them confidential.[3] In order to accommodate this sensitivity we suggest trial courts consider the following procedure: where a joint tax return has been filed by a parent and a subsequent spouse and a motion to produce the return has been served, under provisions of Ind. Trial Rule 26(C) the opposing party may file a motion with the trial court seeking leave to redact any information the party deems irrelevant or that should otherwise not be disclosed. A copy of the redacted version shall be served upon the requesting party, and both a redacted and unredacted copy of the return shall be presented to the trial court for an *in camera* inspection. Along with a copy of the returns the opposing party shall also present to the trial court a memorandum demonstrating why the redacted information is irrelevant or otherwise should not be disclosed. The trial court may then determine what portion of the return if any should be excised and enter an appropriate order.

---

1. For example Mother is not asserting that her own alleged right of privacy is at issue in this case. Rather she makes clear that her "current husband is entitled to this privacy as is any other person." *Brief of Appellant* at 11. Although we express no opinion as to whether Mother has standing to assert a personal right on behalf of a third party, the cases Mother cites to this court involve individuals asserting a right of privacy on their own behalf.

2. "Only the income of the parties is included in Weekly Gross Income. The income of the spouses of the parties is not included in Weekly Gross Income." Ind. Child Support Guideline 3(A) Commentary 2.

3. With similar acknowledgment at least one jurisdiction *requires* the trial court to conduct an in camera review of joint tax returns and to excise any matters relating to the income or other finances of a parent's current spouse. *See Lepis v. Lepis,* 83 N.J. 139, 416 A.2d 45 (1980).

Because *in camera* inspections require the trial court to expend a great amount of time and energy, it is a discretionary act which the trial court may or may not employ. Indeed our supreme court has observed "[w]hile an *in camera* inspection by a court on a discovery question is not unknown it is at least rare." *Canfield v. Sandock,* 563 N.E.2d 526, 531 (Ind.1990) *(quoting Newton v. Yates,* 170 Ind.App. 486, 353 N.E.2d 485, 490 (1976)). In this case the trial court did not employ the above suggested procedure, nor was it required to do so. Rather the trial court entered an order affirming the confidentiality of the joint return and directing Father and his counsel not to release information contained in the return. This too is appropriate. *See, e.g., Terre Haute Regional Hosp. v. Trueblood,* 600 N.E.2d 1358 (Ind.1992) (trial court entered a "confidential protective order" concerning non-disclosure of patient medical records); *State Wide Aluminum, Inc. v. Postle Distrib., Inc.* 626 N.E.2d 511 (Ind.Ct.App.1993), *trans. denied,* (trial court entered "confidentiality order" preventing disclosure of certain financial information). In sum, the trial did not abuse its discretion in ordering the production of Mother's 1996 tax return. The judgment of the trial court is therefore affirmed. However we remand for reconsideration in light of this opinion.

Judgment affirmed and cause remanded.

GARRARD and RILEY, JJ., concur.