Herbert SMITH, Jr., and Charles
Zacek, Appellants–Plaintiffs,

v.

LAKE COUNTY, and the Clerk of the
Lake Superior Court, Appellees–
Defendants,

Criminal Justice Section
LCBA, Intervenor.

No. 45A03–0310–CV–403.

Court of Appeals of Indiana.

April 27, 2004.

Douglas M. Grimes, Gary, IN, Attorney for Appellants.

Edward H. Feldman, Highland, IN, Attorney for the Clerk of Lake County.

Matthew D. LaTulip, Schererville, IN, Attorney for Lake County.

## OPINION

MATHIAS, Judge.

Bail Bondsmen Herbert Smith and Charles Zacek ("the Plaintiffs") filed a complaint for declaratory judgment and permanent injunction against Lake County and the Clerk of the Superior Court of Lake County (collectively "Lake County"). The trial court granted summary judgment in favor of Lake County. The Plaintiffs appeal raising two issues, which we restate as:

I.   Whether the trial court erred when it granted the Lake County Bar Association's motion for leave to intervene; and,

II.  Whether Temporary Judge Kalas had jurisdiction to preside over the case.

Concluding that the Plaintiffs waived their argument concerning the Bar Association's motion for leave to intervene, but that Judge Kalas was without jurisdiction to preside over the case, we dismiss this appeal and remand for proceedings consistent with this opinion.

---

### Facts and Procedural History

On May 3, 2002, the Plaintiffs filed an amended complaint for declaratory judgment and permanent injunction against Lake County. In the complaint, the Plaintiffs alleged that Lake County was "enforcing policies with respect to bail bonds which are contrary to state law and the Plaintiff has no adequate remedy at law." Appellants' App. p. 14. Further, the Plaintiffs requested that the trial court "[e]njoin Lake County and the Clerk of the Lake Superior Court from admitting any defendant to bail without the defendant first presenting proof that he or she meets the requirements of" Indiana Code section 35–33–8.5–4. Appellants' App. p. 15. The Lake County Bar Association Criminal Justice Section ("Bar Association"), which had previously appeared as amicus curiae, filed a motion to intervene as a party defendant, and that motion was granted on May 22, 2002.

On May 24, 2002, Lake County filed a motion to dismiss the amended complaint.[1] On that same date, Lake County filed a motion for change of venue from the judge pursuant to Indiana Trial Rule 76(B). The motion was granted and pursuant to Trial Rule 79(F), a panel of three judges was submitted to the parties for striking. After each party struck one judge from the panel, Lake Superior Court Judge Jeffery Dywan remained on the panel. On August 9, 2002, Judge Dywan qualified and assumed jurisdiction in the case. Further, he ordered the case transferred from Civil Division, Room Three, to his court, Civil Division, Room Seven pursuant to Trial Rule 79(M).

On June 9, 2003, Judge Dywan, "the duly appointed, qualified and acting Judge of the Superior Court of Lake County, Civil Division Room No. Seven," appointed

---

1. The Bar Association also filed a motion to   dismiss on June 18, 2002.

and designated Jennifer Kalas "to preside as Temporary Judge of said Court pursuant to I.C. 33–13–16–1, *et seq.*, on the 12th day of June, 2003, and hereby fully authorize and empower her to preside as said Temporary Judge of said Court on said day and date in as full and ample manner as I could do myself." Appellants' App. p. 27.

On June 12, 2003, a hearing was held on Lake County's and the Bar Association's motions to dismiss and Temporary Judge Jennifer Kalas ("Temporary Judge Kalas") presided at the hearing over the Plaintiffs' objection. After hearing arguments from all parties, Judge Kalas took the matter under advisement. On July 25, 2003, Judge Kalas issued an order finding that Lake County's and the Bar Association's motions to dismiss should be granted. However, because Judge Kalas considered evidence outside the pleadings, Judge Kalas granted summary judgment in favor of Lake County and the Bar Association. Appellants' App. p. 7. The Plaintiffs now appeal.

### I. The Bar Association's Motion for Leave to Intervene

■ On May 22, 2002, the Bar Association moved to withdraw its appearance as amicus curiae and enter an appearance as an intervening party defendant. The motion was granted that same day. The Plaintiffs contend that they did not have an opportunity to respond or oppose the Bar Association's motion because it was granted on the same day it was filed. Lake County argues that the Plaintiffs have waived this argument.

The Plaintiffs failed to raise any objection to the Bar Association's motion for leave to intervene, and the trial court's granting of said motion, until the hearing held before Temporary Judge Kalas on June 12, 2003. At that hearing, the Plaintiffs objected to the Bar Association's intervention because "the interest that he's representing is that of the Criminal Justice Section of the Lake County Bar Association, which is a group of lawyers that have no interest in this matter." Tr. p. 10. However, in their Appellants' Brief, the Plaintiffs raise a different argument: whether the trial court granted the motion in violation of Trial Rule 6(D) and Rule 4(A) of the Lake County Rules of Civil Procedure. *See* Br. of Appellants at 7. Consequently, the Plaintiffs have waived this argument because they failed to object to the Bar Association's intervention as a party defendant on those grounds. *See GKC Ind. Theatres, Inc. v. Elk Retail Investors, LLC,* 764 N.E.2d 647, 651 (Ind.Ct. App.2002); *Van Meter v. Zimmer,* 697 N.E.2d 1281, 1283 (Ind.Ct.App.1998) ("A party may not advance a theory on appeal which was not originally raised at the trial court.").

### II. Whether Judge Kalas Had Jurisdiction to Preside Over This Case

■ On May 24, 2002, Lake County filed a motion for change of venue from the judge pursuant to Trial Rule 76(B), which provides in pertinent part: "In civil actions, where a change may be taken from the judge, such change shall be granted upon the filing of an unverified application or motion without specifically stating the ground therefor by a party or his attorney." Ind. Trial Rule 76(B) (2004).

The trial court granted Lake County's motion and appointed a special judge under the procedure established in Trial Rule 79(F), which provides in pertinent part:

> Selection by Panel. In the event a special judge is not selected under Sections (D) or (E) of this rule, this section shall be used for the selection of a special judge.

(1) Naming of Panel. Within two (2) days of deciding that a special judge must be appointed under this section, the judge before whom the case is pending shall submit a panel of three persons eligible under Section J[2] to the parties for striking . . . .

(2) Striking From Panel. In an adversary proceeding, each party shall be entitled to strike one judge from the panel . . . .

The moving party shall be entitled to strike first. The parties shall have not less than seven (7) days nor more than fourteen (14) days from the time the clerk mails the panel to the parties to strike as the court may allow.

Ind. Trial Rule 79(F) (2004). The judge who submitted the panel then appoints the remaining judge on the panel as special judge in the case. *Id.* Finally, a special judge selected under Rule 79(F) "shall have fifteen (15) days from the date of appointment to decide whether or not to accept the case and enter his or her decision. The filing of the acceptance vests jurisdiction in the special judge." *See* T.R. 79(G).

■ In this case, after granting Lake County's motion, on May 24, 2002, the trial court submitted a panel to the parties for striking, which consisted of Judge Dywan, Judge Pera, and Judge Pete. Appellants' App. p. 5. On June 5, 2002, Lake County struck Judge Pete from the panel. *Id.* On June 18, 2002, the Plaintiffs struck Judge Pera from the panel. *Id.* On July 30, 2002, the trial court appointed Judge Dywan to serve as special judge, and on August 9, 2002, Judge Dywan qualified and assumed jurisdiction of the case.[3] Appellants' App. p. 25.

■ A hearing was scheduled on Lake County's and the Bar Association's motions to dismiss for June 12, 2003. On June 9, 2003, pursuant to Indiana Code chapter 33–13–16, Judge Dywan appointed Judge Kalas to preside as Temporary Judge over his court on June 12, 2003, "in as full and ample manner as I could do myself." Appellant's App. p. 27. Pursuant to Indiana Code section 33–13–16–1,

The judge of a circuit, superior, or county court may appoint temporary judges. Each temporary judge must be a competent attorney admitted to the practice of law in Indiana and must be a resident of the judicial district of the court after the temporary judge's appointment. The temporary judge's appointment must be in writing. The temporary judge continues in office until removed by the judge.

Ind.Code § 33–13–16–1 (1996). Further, "a temporary judge may hear evidence upon and report his findings to the judge of the court for each probate, civil, criminal, and other case referred to the tempo-

---

**2.** Under Trial Rule 79, the following persons are eligible for appointment by a trial court as a special judge: "[a]ny regular judge of a Circuit, Superior, Probate, Municipal, or County Court, a senior judge, or a person serving as magistrate in a court of record[.]" *See* Ind. Trial Rule 79(J) (2004).

**3.** Despite the fact that Judge Dywan issued a order in which he qualified and assumed jurisdiction of the case on August 9, 2002, the Plaintiffs argue that because Judge Dywan did not file an acceptance of the appointment, "he was not the properly constituted special judge in this case at any time . . . . Judge

Dywan did not file an acceptance and jurisdiction never vested." Br. of Appellant at 5. Contrary to the Plaintiffs' assertion, Judge Dywan was not required to file the "appointment form" sent to him by the clerk (*see* Appellants' App. p. 23) because his August 9, 2002 order clearly indicates that he accepted the case. Further, as Lake County notes in its brief, the Plaintiffs never objected to Judge Dywan's assumption of jurisdiction, and therefore, the Plaintiffs waived the issue. *See Rodgers v. Rodgers*, 503 N.E.2d 1255, 1257 (Ind.Ct.App.1987), *trans. denied.*

rary judge by that judge."[4] Ind.Code § 33–13–16–3 (1996). The temporary judge may also issue a final judgment in those cases.[5] *Id.* A temporary judge "may serve even though the judge of the court is present and presiding in the court." Ind.Code § 33–13–16–11 (1996). However, "[t]he judge of the court may limit any of the rights or powers of the temporary judge specified in this chapter, and the judge may specifically determine the duties of the temporary judge, within the limits established in this chapter." Ind.Code § 33–13–16–6 (1996).

At the June 12, 2003 hearing, the Plaintiffs objected to Temporary Judge Kalas presiding over the case. Tr. p. 3. Judge Kalas stated that if she were a judge pro tempore she would not have jurisdiction to hear the case, but concluded that she did have jurisdiction because she was appointed as a temporary judge pursuant to Indiana Code chapter 33–13–16. Tr. p. 5. We disagree and conclude that absent his own disqualification, as a special judge, only Judge Dywan had jurisdiction over the case.

"When the appointment of a special judge is required under Trial Rule 76," the provisions of Trial Rule 79 "constitute the exclusive manner for the selection of special judges in circuit, superior, probate, municipal, and county courts in all civil and juvenile proceedings." T.R. 79(A). Trial Rule 79 establishes specific and comprehensive procedures for the manner in which special judges are to be selected. Further, our Supreme Court has indicated its strong disapproval for "anything but strict compliance with the rules of appointment" for special judges. *See Floyd v. State*, 650 N.E.2d 28, 36 (Ind.1994).

> The trial judge plays an integral role in the orderly administration of justice. He must be above reproach. The purpose and objective of the rules for the selection of a special judge are to secure not only a person who is fair and impartial, but also one in whom the parties have confidence. Insofar as the rules of procedure permit, this confidence requires that no one should be required to try his case before a judge that he feels or believes is unfair or prejudiced.

*Shaw v. State*, 178 Ind.App. 101, 107, 381 N.E.2d 883, 886 (1978) (citing *State ex rel. Grimm v. Noble Circuit Court*, 242 Ind. 152, 155–56, 177 N.E.2d 335, 336–37 (1961)).

In this case, the parties clearly felt the need to select a judge, rather than accept normal assignment. The parties were presented with a panel of three judges under the procedure established in Rule 79(F). Each party struck one judge from the panel, and the remaining judge, Judge Dywan, qualified and assumed jurisdiction of the case. By failing to strike Judge Dywan, both parties indicated their belief that Judge Dywan would be fair and impartial in presiding over the case. Moreover, their reasonable expectation was that Judge Dywan, as the duly appointed special judge, would preside over the case. Accordingly, we conclude that because Judge Dywan qualified and assumed jurisdiction of the case after he was selected as

---

**4.** A temporary judge may also conduct civil and criminal jury trials and enter the judgment on the jury verdict in cases referred to the temporary judge by the judge of the court. *See* Ind.Code §§ 33–13–16–4; 33–13–16–5 (1996).

**5.** In criminal proceedings, the temporary judge may conduct all sentencing hearings in the case. "However, if the criminal case is a case in which the defendant is being tried for a felony, the judge of the court shall: (1) make the final judgment in the case; and (2) conduct all sentencing hearings in the case." Ind.Code § 33–13–16–5.

the special judge under the procedure established in Trial Rule 79(F), Judge Dywan was required to preside over the case. This is consistent with common sense and the only discovered Indiana cases of even marginal relevance.[6]

Because the Plaintiffs objected to Temporary Judge Kalas presiding over the case, Judge Kalas lacked jurisdiction to hear and rule on the motions to dismiss. Therefore, Judge Kalas's July 25, 2003 order is without legal effect and we must dismiss this appeal as premature. *See Pope by Smith v. Pope,* 701 N.E.2d 587, 592 (Ind.Ct.App.1998) ("Where, as in this instance, the court was without authority and the party challenging the court's authority raised a timely objection, our supreme court has determined that the proper procedure to follow is to dismiss the appeal as premature.").

### Conclusion

The Plaintiffs waived their objection to the Bar Association's motion for leave to intervene as a party defendant. Also, Temporary Judge Kalas was without jurisdiction to issue the July 25, 2003 order entering summary judgment in favor of Lake County and the Bar Association.

Appeal dismissed and this case is remanded for proceedings consistent with this opinion.

SHARPNACK, J., and VAIDIK, J., concur.

---

6. *See Love v. Jones,* 189 Ind. 390, 127 N.E. 549, 551 (1920) (citing *Cargar v. Fee,* 119 Ind. 536, 538, 21 N.E. 1080, 1080 (1889) ("It has been held that a judge appointed for a special case has no authority to appoint another judge to try the case.")).